## 54899. BANKS v. THE STATE.

BANKE, Judge.

The defendant, Harold W. Banks, Jr., appeals his conviction for the offense of child molestation.

1. The defendant's sister testified that when he arrived home from school at 4:03 p.m. on the afternoon that the crime occurred, she saw him enter an extra trailer used by her family when other family members came to visit. She also testified that she observed the victim talking with her brother at this time. Specifically, she testified that even though her brother was inside the trailer, the little girl had "one foot in [the door] and the other one was out." She then testified that the little girl left the trailer and went next door to play. She further testified that at an unspecified later time her brother came back across the street to the family's main living trailer and watched television with her. The defendant's brother-in-law testified that the defendant was with him from 4:15 — 6 p.m.

The victim testified that the crime occurred in defendant's family's extra trailer, and other evidence established the time period of the crime as being between 4 and 5:30 p.m.

A charge on alibi is authorized only when the evidence reasonably excludes the possibility of the defendant's presence at the time of the commission of the offense. Code § 38-122. Here, not only did the defendant's evidence fail to establish the impossibility of his presence

at the trailer during the time period of the alleged offense, but rather it established his presence there; and there was no accounting of the defendant's activities between the time his sister observed him at the extra trailer and his entry into the family's main living trailer.

In the absence of a request by the defendant, the trial judge did not err, under the facts of this case, in failing to charge the jury on the defense of alibi. See *Welch v. State,* 130 Ga. App. 18 (5) (202 SE2d 223) (1973); *Parrott v. State,* 133 Ga. App. 931 (3) (213 SE2d 77) (1975).

2. The trial judge did not err in refusing to grant a directed verdict for defendant on the ground that venue had not been proved. The victim testified that the crime occurred in defendant's trailer. Another witness testified that the trailer was located in Hall County. There was no conflicting evidence regarding venue. This enumeration of error is without merit. See *Wilkes v. State,* 238 Ga. 57 (1) (230 SE2d 867) (1976).

3. The defendant alleges the trial judge erred in allowing the prosecutor to remain in the courtroom even though the rule of sequestration had been invoked. First, the prosecutor never testified at trial so any error would have been harmless. Second, only the credibility, and not the admissibility, of a witness' testimony is affected when he testifies in violation of the rule of sequestration. See Code § 38-1703; *Walker v. State,* 132 Ga. App. 274 (2) (208 SE2d 5) (1974); *Smith v. State,* 140 Ga. App. 385 (4) (231 SE2d 83) (1976).

4. A nurse who recorded the symptoms of the victim at the hospital emergency room was allowed to testify as to what the child said had happened to her. This evidence was admissible under Code Ann. § 38-315 (Ga. L. 1977, p. 226) (effective July 1, 1977), since it was pertinent to the diagnosis and treatment of the child and since the trial was held after the effective date of the statute.

5. It has been held many times that technical legal questions in regard to the presumption of innocence are improper on voir dire. See *McNeal v. State,* 228 Ga. 633 (3) (187 SE2d 271) (1972). The trial judge did not err in refusing to permit defense attorney to ask the following question of prospective jurors: "Do you believe that every person accused of a crime is innocent until proven guilty

beyond a reasonable doubt?" See *Goughf v. State,* 232 Ga. 178 (1) (b) (205 SE2d 844) (1974).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 9, 1977 — DECIDED JANUARY 4, 1978.

*William I. Sykes, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.