## 58927. SALES v. THE STATE.

McMURRAY, Presiding Judge.
Defendant was charged by accusation with theft by taking (shoplifting), a misdemeanor. By motion, alleging his inability to pay due to poverty, defendant requested that the proceeding in the trial court be recorded at the expense of the state. This motion was denied. The jury returned a verdict of guilty, and defendant appeals, solely enumerating as error that the trial court abused its discretion "in not requiring the reporting and transcription of the evidence and proceedings at the trial of

an indigent defendant."

Since Griffin v. Illinois, 351 U. S. 12 (76 SC 585, 100 LE 891) it is clear that equal protection and due process require that an indigent defendant, unable to pay the cost of recording and transcribing the proceedings, may not be denied adequate and effective appellate review accorded to all who have the money to pay these costs. However, the purchase of a complete court reporter's transcript for indigent defendants is not required in all instances. The burden which rests upon the state is to afford the indigent defendant a record of sufficient completeness to permit proper consideration of his contentions of error. Mayer v. City of Chicago, 404 U. S. 189, 194 (92 SC 410, 30 LE2d 372).

The absence of a transcript is not, in and of itself, harmful. The harm arises when, due to the absence of a transcript or an effective alternative, an enumeration of error raised by an indigent defendant cannot be adequately and effectively reviewed by the appellate courts. In this case the defendant enumerates or argues no error other than the failure to order the reporting and transcribing of the evidence and proceedings at trial. Therefore defendant's sole enumeration of error fails to make out a colorable need for a transcript since no specific issues have been raised which require consideration of a transcript or alternative record of what transpired at trial in order to insure adequate and effective appellate review. In the absence of a showing of a colorable need for a transcript, any error by the trial court in refusing to order the recording and transcribing of the proceedings at trial is harmless. *Arnold v. State,* 139 Ga. App. 594 (3) (229 SE2d 77); *Burger Chef Systems, Inc. v. Newton,* 126 Ga. App. 636, 639 (1) (191 SE2d 479); *First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (1) (48 SE 326); *Brown v. City of Atlanta,* 66 Ga. 71, 76 (1).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED NOVEMBER 30, 1979 —

*Steve W. Reighard,* for appellant.

*Hinson McAuliffe, Solicitor, Charles Hadaway, Assistant Solicitor,* for appellee.