64558. BURKE et al. v. THE STATE.

DEEN, Presiding Judge.

Johnny and Tommy Burke appeal from their convictions of armed robbery.

1. Appellants contend that the trial court erred in permitting the district attorney to testify as to hearsay evidence which was extremely damaging to them. The transcript reveals that Mary Hurt, one of their witnesses, testified that she did not see anything happen to the victim. On cross-examination, after the time, place, and circumstances of her previous statement were brought to her attention, she denied telling the district attorney that she saw the victim being beaten by the Burke brothers. The prosecutor took the stand after being sworn as a witness and testified that after the preliminary hearing Mary Hurt approached him, told him that she witnessed the robbery and that the defendants beat and robbed the victim. The testimony was offered only for purposes of impeachment and the trial court noted that it was admissible for that limited purpose. There was no request for further instructions to the jury and none were required. *Harrell v. State,* 241 Ga. 181 (243 SE2d 890) (1978); *Hendrickson v. State,* 159 Ga. App. 628 (284 SE2d 645) (1981); *Tankersley v. State,* 155 Ga. App. 917 (273 SE2d 862) (1980). The

hearsay objection is without merit as the statement was offered in rebuttal to impeach a witness. *Bradley v. State,* 137 Ga. App. 670 (224 SE2d 778) (1976).

Although appellants argue the impropriety of permitting a prosecuting attorney to testify, they made no such objection at trial. As this issue was not raised at trial, it cannot be raised for the first time on appeal. *Young v. Jones,* 149 Ga. App. 819 (256 SE2d 58) (1979). However, we would like to refer appellants to *Timberlake v. State,* 246 Ga. 488, 501 (271 SE2d 792) (1980), wherein it was held that ". . . permitting a prosecuting attorney to testify as a rebuttal witness is within the discretion of the trial judge."

2. Appellants further contend that the trial court erred in charging the jury by shifting to them the burden of persuasion on the issue of identity. The charge as given was essentially the same as that approved in *Garrett v. State,* 141 Ga. App. 584 (234 SE2d 161) (1977), but the trial court inadvertently omitted informing the jury that the defendants were relying upon a defense of mistaken identity. The defendants, however, have not claimed that they were asserting this defense or enumerated its omission as error. In the next sentence of the charge, the court stated, ". . . that in order to avail themselves of this defense it is not necessary that the defendants prove that another person committed the offense." This portion of the charge, when considered with the obviously missing portion, which is not enumerated as error, has been held not to be burden shifting in *Garrett v. State,* supra. Therefore, we find this enumeration to be without merit.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JULY 13, 1982 —

*Brooks S. Franklin,* for appellants.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Margaret V. Lines, Jerry Baxter, Assistant District Attorneys,* for appellee.