## 64470. KEMP v. THE STATE.

SOGNIER, Judge.

Armed robbery. Appellant contends in this appeal that he received ineffective assistance of counsel, and that three of the trial court's charges were incorrect.

1. Appellant contends that his counsel made no motions for discovery or production of documents, and had he done so, certain photographs would have been discovered. Appellant also argues that his counsel, through cross-examination of a state witness, established appellant's identification positively; that his attorney put appellant's character in issue during closing argument by referring to appellant's past confinement on another robbery charge; and that his attorney failed to consult with appellant about the case. Finally, appellant states in his brief that his counsel was disbarred on April 26, 1982, which appellant contends shows "a pattern of ineffectiveness."

The record discloses that appellant's counsel conducted thorough and extensive cross-examination of the witnesses in this case; that he presented an alibi defense for appellant; that appellant's counsel made a motion for mistrial on the ground that one of the jurors appeared to be sleeping; and that counsel presented both an opening statement and closing argument on behalf of appellant. The

record discloses further that appellant's counsel was well-prepared and diligent in representing appellant throughout the trial of this case. While appellant might not agree with his counsel's judgment and tactics in representing appellant, including the failure to make pretrial discovery motions, errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306) (1979).

The transcript does not support appellant's contention that his attorney put his character in issue for the first time in closing argument. Appellant himself testified that he had been involved in a previous offense. Further, the fact that appellant's counsel was disbarred subsequent to trial of the instant case (*In the Matter of Lowe,* 249 Ga. 283 (290 SE2d 460) (1982)) has no bearing on whether he rendered effective assistance to appellant in the trial of *this* case.

"In *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974), [the Supreme Court] adopted the standard for determining the effectiveness of counsel as enunciated in MacKenna v. Ellis, 280 F2d 592 (5th Cir. 1960). MacKenna, supra, recognized the constitutional right to assistance of counsel as meaning 'not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering *reasonably effective assistance.*' " *Alderman v. State,* 241 Ga. 496, 511(8) (246 SE2d 642) (1978), cert. den. 439 U.S. 991. Applying this standard and the principle enunciated in *Suits,* supra, to the instant case, we find nothing in the record to support appellant's claim of ineffective assistance of counsel.

2. Appellant complains of the following charge of the court: "If a witness should be successfully impeached — that is to say, if it should be shown to the satisfaction of the jury that such witness is not worthy of belief — then and in that event it would be the duty of the jury to disregard the testimony of such witness unless the same is corroborated by other credible and unimpeached testimony, either direct or circumstantial." This charge has been taken out of context, for immediately prior to giving the quoted charge, the court explained what is meant by impeachment and also charged that one method of impeachment was by proof of contradictory statements made by a witness as to material matters, and another method of impeachment was by disproving facts testified to by a witness. The court went on to state: "If any effort has been made to impeach a witness, *it is a question for the jury* to determine whether or not such effort was successful." (Emphasis supplied.) Thereafter, the complained of charge was given by the court.

It is clear that the charge on impeachment was not directed at appellant, but applied to any witness whose credibility had been

attacked in an attempt to impeach the witness. Further, the charge was a correct statement of the law on impeachment, and a charge similar to the one in question was approved in *Davis v. State,* 241 Ga. 376, 384-385 (7) (247 SE2d 45) (1978). Accordingly, this enumeration is without merit.

3. Appellant contends that the trial court erred by charging the jury on similar transactions because the standards for admissibility of evidence of similar transactions was not met. This allegation as to admissibility is without basis in fact, for it was appellant himself and a co-defendant who testified on direct examination about a shooting on I-85 in which they were involved (although appellant testified he was only a passenger in the car involved). The incident had occurred about a week earlier and involved the same three men involved in the instant case. The trial court, therefore, instructed the jury on evidence of similar transactions, but limited consideration of such evidence to any bearing it might have on showing intent, motive, and course of conduct. The court also instructed the jury that the defendants were on trial only for armed robbery and not for any other alleged acts. We find no error in this charge.

The rule relating to evidence of similar transactions pertains to the *admissibility* of such evidence. *Johnson v. State,* 242 Ga. 649, 652 (250 SE2d 394) (1978). Since appellant and his co-defendant testified themselves about the shooting incident, appellant cannot now complain of a charge resulting from the *admissibility* of such testimony, as induced error is impermissible. *Reynolds v. State,* 147 Ga. App. 488, 491 (249 SE2d 305) (1978); *Drake v. State,* 142 Ga. App. 14, 16(1) (234 SE2d 825) (1977).

Although the shooting incident constituted an aggravated assault and the instant conviction is for armed robbery, we believe that once testimony about the shooting incident was placed in evidence by appellant, the evidence was sufficiently similar to warrant the charge in this case. The shooting incident occurred a week earlier; it occurred on an interstate highway in south Atlanta; the same three men were together in a car; and it occurred after the victim of the shooting pulled off the side of the road. Armed robbery, of necessity, includes an aggravated assault, and in the instant case both the shooting incident and the armed robbery involved the use of a pistol.

Even assuming the charge was error, "given the collateral nature of the charge, the considerable strength of the evidence supporting the verdict [including positive eyewitness identification of appellant], . . . we find that [any] error was harmless, i.e., that [it] is 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Mimbs v. State,* 144 Ga. App. 628 (241 SE2d 494) (1978).

4. Lastly, appellant complains of the following charge as burden shifting: "It is not necessary that the defendants prove that another person committed the offense. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether these defendants are, in fact, the persons who committed the crime." Appellant again has taken the quoted charge out of context, because immediately prior to the quoted charge, the court charged the jury that "it is for you . . . to say whether under the evidence in this case and the testimony of the witnesses and the facts and circumstances sufficiently identify these defendants as the perpetrators of the crime beyond a reasonable doubt." Thus, the full charge on this issue did not require appellant to prove anything; on the contrary, the charge advised the jury that it was *not* necessary that appellant (who testified he was elsewhere when the crime was committed) prove that someone else committed the offense. Additionally, the court charged fully on the state's burden of proof and also charged "that these defendants are presumed by law to be innocent, and this presumption of innocence remains with them until their guilt is established by evidence beyond a reasonable doubt . . . *The burden is upon the State to do this.*" (Emphasis supplied.) Considering the court's charge as a whole, it is clear that it did not place any burden on appellant to prove his defense. *Patrick v. State,* 245 Ga. 417, 424(8) (265 SE2d 553) (1980). Accordingly, this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1982.

*Donald J. Stein,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, L. Wendy Shoob, Assistant District Attorneys,* for appellee.