## 64892. MILLER v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of child molestation and sentenced to 20 years' imprisonment. He now appeals, taking issue with the denial of several of his motions and with the admission of evidence of his prior convictions for sex offenses. We affirm.

1. In his first enumeration of error, appellant asserts that the trial court refused to grant a continuance. Appellant's counsel was

notified of his appointment to the case on February 26, 1982, and the trial commenced on March 10. Appellant maintains that his attorney's trial schedule for that period of time prevented the attorney from having a reasonable amount of time in which to prepare appellant's defense. Specifically, appellant argues that his attorney had insufficient time to locate potential witnesses who might have impeached the testimony of the victim, or to locate the victims of the earlier crimes for which appellant was convicted who might have refuted his guilt.

"[M]otions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion. [Cits.]" *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79); *Bearden v. State,* 159 Ga. App. 892 (2) (285 SE2d 606). " 'There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge. [Cits.]' " *Hill v. State,* 161 Ga. App. 346 (287 SE2d 779). Our review of the case shows that few witnesses were involved, the issues were not complex, and there is no apparent lack of preparation or diligence on the part of defense counsel. We therefore conclude that the trial court did not abuse its discretion in denying the continuance request. *Vereen v. State,* 162 Ga. App. 1 (1) (289 SE2d 766); *McCannon v. State,* 161 Ga. App. 685 (1) (288 SE2d 663); *Williams v. State,* 148 Ga. App. 55 (1) (250 SE2d 848).

2. Appellant next argues that certified copies of his indictments and sentences for earlier sex offenses involving children were improperly admitted into evidence. It is undisputed that "evidence of other crimes [committed by a defendant] may be admitted if there is sufficient similarity or connection between the other crimes and the crime charged that proof of the former tends to prove the latter." *Ballweg v. State,* 158 Ga. App. 576 (2) (281 SE2d 319). This court has recently held that "[t]he sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." *Phelps v. State,* 158 Ga. App. 219, 220 (279 SE2d 513).

The nine-year time span between the prior offenses and the one

for which appellant was being tried is not a barrier to the admission of the evidence of the prior offenses. In another case involving the sexual molestation of a child, *Copeland v. State,* 160 Ga. App. 786 (1, 4) (287 SE2d 120), we implicitly approved the introduction of evidence of a similar offense which occurred 12 years prior to the act for which the defendant was then on trial. Furthermore, we must note that appellant was imprisoned for seven and a half years of the nine-years hiatus between offenses, thereby limiting his opportunity to commit offenses similar to the offense with which he was currently charged.

3. Lastly, appellant objects to the trial court's refusal to order the county to reimburse appellant's appointed counsel for monies expended for the eight-page transcription of the hearing on appellant's motion for continuance.

"[I]t is the duty of the state to provide the indigent as adequate and effective an appellate review as that given appellants with funds, and ... in terms of a trial record this means that the state must afford the indigent a record of sufficient completeness to permit consideration of his points ..." *Bailey v. State,* 232 Ga. 873, 874 (209 SE2d 204).

Appellant asserts that the transcript of the continuance hearing was necessary for his appeal from the denial of his motion for continuance. The state maintains that the hearing consisted entirely of the argument of counsel and that, therefore, Code Ann. § 27-2401 (OCGA § 17-8-5), which specifically excludes the transcription of argument, is applicable. However, appellant's attorney prefaced his argument at the hearing with the remark that he was stating the facts "as an officer of the court under oath." Thus, the attorney's subsequent remarks were more in the line of testimony than argument. See 31 CJS 818, Evidence, § 3. Since the transcript was necessary to an adequate and effective review of appellant's argument that the trial court had abused its discretion when it denied the motion for continuance, appellant has made out a colorable need for the transcript. Compare *Sales v. State,* 152 Ga. App. 635 (263 SE2d 519). Under those circumstances, appellant's appointed counsel should have been reimbursed by the county for the expense of the transcription of the motion hearing.

*Judgment affirmed in part and reversed in part. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 21, 1983.

*Thomas C. Sanders,* for appellant.

 

*William A. Foster III, District Attorney,* for appellee.