## 39563. MACKLER v. THE STATE.

ORDER OF COURT.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Smith and Bell, JJ., who dissent.*

ORDERED APRIL 5, 1983 —
REHEARING DENIED APRIL 25, 1983.

*H. Bradford Morris, Jr.,* for appellant.

*Bruce L. Udolf, District Attorney, Charles Henry Frier, Assistant District Attorney,* for appellee.

SMITH, Justice, dissenting.

I dissent. While the competency of witnesses to testify is generally an area within the trial court's discretion, I cannot join in the dismissal of certiorari in this case. Our decision today has the practical effect of approving the use, in a criminal proceeding, of testimony by a five-year-old witness who four months earlier had been ruled incompetent to testify in the same matter. Our disposition of this appeal is inconsistent with today's decision in *State v. Strickland,* 250 Ga. 827 (—— SE2d ——) (1983), where we upheld the disqualification of a child witness, also a five-year-old.

Further, our cases make clear that a child witness' competency is dependent on the witness' memory and ability to describe the disputed event, as well as his understanding of the oath. See *Ellison v. State,* 197 Ga. 129 (28 SE2d 453) (1943). "Common sense suggests that if competency is to depend on mental development at all, the standard should include a requirement that the witness have such capacity to observe, remember, and describe as will enable him to be of some aid to the tribunal." Green, Georgia Law of Evidence, § 149 (2d ed. 1983). Here the child's memory and capacity to observe the alleged crime was no better, and was probably much worse, at the time of the retrial four months after she was ruled incompetent in the first trial. It is inconceivable to me that a trial court could first hold a five-year-old child incompetent to testify, then four months later, at a time further removed from the original event, declare the same child competent. Compare *Pace v. State,* 157 Ga. App. 442 (278 SE2d 90) (1981). Such testimony is simply too slender a reed on which to rest a criminal conviction and sentence of twenty years im-

prisonment. I therefore dissent.