## 66444. DAVIS v. THE STATE.

CARLEY, Judge.

Appellant was convicted by a jury of rape, aggravated sodomy, aggravated assault and violation of the Georgia Firearms and Weapons Act. He appeals from the convictions and sentences entered on the guilty verdicts.

1. The general grounds are enumerated as error. The victim testified that appellant and his co-defendant offered to give her a ride

into town. The victim accepted the offer and entered the automobile that appellant was driving. After stopping at a convenience store, the men stated that they had to make a cocaine deal and refused to let the victim out of the car. The victim was then driven to a secluded area behind the Atlantic Steel Mill. The co-defendant, armed with a sawed-off shotgun, took the victim into some nearby bushes so that the appellant could conduct the drug deal. After reaching the bushes, the co-defendant attempted to remove the victim's pants. The victim screamed loudly in protest, and the appellant returned shouting, "[y]ou've blown our deal. Now you're going to have to pay for it." Both men then raped the victim, and appellant forced her to perform acts of sodomy. The co-defendant then fired the shotgun, hitting the victim's arm. Appellant stated to his co-defendant, "[m]an, you've blown her arm off, and you'd better blow her brains out, because if you don't she's going to tell on us." The victim got up and began to run toward the bushes. Another shot was fired but the victim was not struck again. After the two men left, the victim received assistance at the nearby Atlantic Steel Mill.

At trial, the state presented several witnesses who testified as to the victim's injuries and mental condition immediately after the incident. Moreover, appellant's incriminating statement made to investigators subsequent to his apprehension was read into evidence at trial.

As to all of the crimes for which appellant was convicted, our review of the record satisfies us that any rational trier of fact could reasonably have found from the evidence presented proof of the guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also OCGA § 16-6-1 (Code Ann. § 26-2001), *Gray v. State,* 153 Ga. App. 183 (265 SE2d 81) (1980); OCGA § 16-6-2 (Code Ann. § 26-2002); *Jones v. State,* 159 Ga. App. 472 (283 SE2d 691) (1981); OCGA § 16-5-21 (Code Ann. § 26-1302); *Bentley v. State,* 131 Ga. App. 425 (2) (205 SE2d 904) (1974); OCGA § 16-11-120 (Code Ann. § 26-9910a); *Myrick v. State,* 155 Ga. App. 496, 498 (4) (271 SE2d 637) (1980).

2. "Issues regarding credibility of witnesses must be resolved solely by the jury. [Cits.] In this instance the jury, obviously, chose to believe the state's witnesses." *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423) (1980). Appellant's contention that the jury erroneously believed the victim instead of the appellant's witnesses is without merit.

3. Appellant enumerates as error the admission into evidence, over objection, of four photographs which had been taken by the physician who treated the victim's injuries and which depict the injuries to the victim's arm and hand. Appellant contends that the

slides were admitted solely for the purpose of inflaming and prejudicing the jury. Appellant does not assert that the pictures are unrepresentative of the victim's injuries or that they are repetitious. " 'Photographs [or slides] which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury.' [Cit.]" *Meeker v. State,* 249 Ga. 780 (1) (294 SE2d 479) (1982). The slides were relevant and material to show the nature and extent of the wounds suffered by the victim, to assist the physician-witness in describing those wounds, and to corroborate the victim's account of the incident. "This is true even when the cause of [injury] is not in dispute." *Meeker,* supra at 780. Compare *Brown v. State,* 250 Ga. 862, 866-867 (5) (302 SE2d 347) (1983), involving "[a] photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist." *Brown,* supra at 867.

4. Appellant asserts that the trial court erred in admitting testimony of a state's witness over a hearsay objection. The testimony was that of an emergency medical technician who stated that he had transferred the victim from Crawford Long Hospital to Grady Hospital because "they advised us they couldn't evaluate her for rape at Crawford W. Long." The testimony was admitted by the trial court for the limited purpose of explaining the witness' conduct. The witness' conduct was relevant and material to the instant case and the testimony was properly admitted by the trial court. *Cowart Trucking Co. v. Stone,* 129 Ga. App. 327 (199 SE2d 608) (1973); OCGA § 24-3-2 (Code Ann. § 38-302).

5. Appellant also enumerates as error the admission of certain testimony by the nurse who assisted in the treatment of the victim at the hospital. The objection was that the testimony was hearsay. The witness testified as to the victim's statements which had been made to the witness when the victim was admitted for treatment. "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." OCGA § 24-3-4 (Code Ann. § 38-315). The testimony in the instant case "was pertinent to the diagnosis and treatment of the [victim]," and, therefore, was admissible. *Banks v. State,* 144 Ga. App. 471 (4) (241 SE2d 587) (1978).

6. At trial, Mrs. Jenkins, a witness for the appellant, testified as to certain circumstances surrounding the incident. When asked on cross-examination if she told a conflicting set of circumstances to a GBI agent who investigated the incident, she denied that she had

done so. The GBI agent then testified as to the statements made by Mrs. Jenkins to him. "The testimony was offered only for purposes of impeachment and the trial court noted that it was admissible for that limited purpose. There was no request for further instructions to the jury and none were required. [Cit.] The hearsay objection is without merit as the statement was offered in rebuttal to impeach a witness. [Cit.]" *Burke v. State,* 163 Ga. App. 67 (1) (293 SE2d 872) (1982).

7. Appellant enumerates the following charge as error: "I charge you that the defendants entered upon the trial of this case with the presumption of innocence in their favor, and that presumption remained with them throughout the trial, until and unless the state shall introduce sufficient evidence in your presence and hearing to convince your minds beyond a reasonable doubt as to the defendants' guilt on each count." The charge is a correct statement of law on the presumption of innocence and no error is shown. See generally *Kemp v. State,* 163 Ga. App. 680, 683 (296 SE2d 71) (1982).

8. Enumerated as error is the following charge, which was given immediately after the charge discussed in Division 7: "A reasonable doubt means just what it says. It is not an arbitrary or capricious doubt. It is the doubt of a fair-minded, impartial juror honestly seeking the truth. It is a doubt arising from the consideration of the evidence, or from a lack of the evidence or from a conflict in the evidence. If, after considering all the evidence in this case, your minds are wavering, unsettled and unsatisfied, then that is a doubt of the law, and you should acquit these defendants. However, if that doubt does not exist in your mind, then you should convict the defendants." The charge adequately states correct principles of law. " '[T]he trial judge's instructions could not have caused the jury to misunderstand the burden of proof resting upon the state.' [Cit.]" *Lewis v. State,* 164 Ga. App. 549, 551 (297 SE2d 303) (1982).

9. Appellant asserts that the charge on the binding effect of the court's instructions on the jury and the charge concerning conflict of evidence are inconsistent. A review of the charges reveals that they are totally consistent and that each is correct.

10. Appellant also enumerates as error the following charge: "Moral and reasonable certainty is all that can be expected in a legal investigation, whether dependent upon direct or circumstantial evidence. The true question in a criminal case, and this is a criminal case, is not whether it be possible that the conclusion at which the evidence points may be false, but whether the testimony and the other evidence is *sufficient* to satisfy your minds and your conscience beyond a reasonable doubt." (Emphasis supplied.) Appellant's objection to this charge is that it does not require that the jury be *convinced* by the evidence beyond a reasonable doubt. Appellant's

contention in this regard is refuted by the plain wording of the charge.
*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 14, 1983 —
REHEARING DENIED OCTOBER 4, 1983 — ▇▇▇▇▇▇▇▇▇

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.