### 68776. SPARKS v. THE STATE.
(324 SE2d 824)

CARLEY, Judge.

Appellant appeals from his conviction of child molestation.

1. Appellant enumerates as error the admission of testimony by the victim's mother concerning statements made to her by the victim. The mother testified that, on a particular occasion after the victim had been left alone with appellant, the victim said that appellant had subjected her to an act of sexual abuse. Appellant contends that, contrary to the ruling of the lower court, this testimony did not come within the res gestae exception to the hearsay rule because of the length of time which elapsed between the occurrence and the victim's statement.

According to the mother's testimony, the victim remained in a car with appellant while the mother took another child on an errand. When the mother returned to the car, she observed that the victim was crying. As soon as she and the victim returned home and were out of appellant's presence, she inquired as to what had happened, and the victim told her about the incident. However, the victim subsequently testified that, although she did tell her mother about the incident, she did not do so on the same day that it occurred.

" ' "What is res gestae of a given transaction must depend upon

its own peculiarities of character and circumstances. Courts must be allowed some latitude in the matter. [Cit.] . . ." [Cit.]' 'The admissibility of such declarations does not depend upon any arbitrary time or general rule for all cases, but is left to the sound discretion of the court in determining from the time, circumstances and statements in question, whether declarations meet the requirements of being free from "all suspicion of device or afterthought." [Cit.]' [Cit.] It is also a well established rule of law that if the admissibility of evidence is doubtful, the rules of evidence require that the evidence be admitted and its weight and effect left to the jury. [Cit.]" *Wallace v. State*, 151 Ga. App. 171, 173 (259 SE2d 172) (1979). Notwithstanding the conflicting testimony concerning the time frame within which the statement in issue was made, we find that the trial court did not abuse its discretion in ruling that the challenged testimony was admissible as part of the res gestae. See *Andrews v. State*, 249 Ga. 223 (290 SE2d 71) (1982). Compare *Clark v. State*, 142 Ga. App. 851 (237 SE2d 459) (1977).

"Moreover, any [possible] error in the admission of the mother's testimony was harmless. 'The record is replete with evidence concerning the appellant's commission of child molestation. Even without the mother's account of the child's res gestae declaration, there was testimony from [the victim as well as other evidence sufficient to establish] acts of child molestation.' [Cit.]" *Pickelseimer v. State*, 154 Ga. App. 223, 224 (267 SE2d 845) (1980).

2. Appellant asserts that the trial court erred in allowing a nurse who prepared the victim for examination by a physician to testify as to statements made to her by the victim. Even though the victim was examined several months after the sexual abuse occurred, her statements to the nurse were nonetheless made for the purpose of and were reasonably pertinent to medical diagnosis and treatment. The testimony of the nurse did not identify or in any way refer to the appellant. Compare *Johnson v. State*, 149 Ga. App. 544, 545 (254 SE2d 757) (1979). Accordingly, the testimony was properly admitted pursuant to OCGA § 24-3-4. See *Davis v. State*, 168 Ga. App. 272, 274 (5) (308 SE2d 602) (1983); *Banks v. State*, 144 Ga. App. 471, 472 (4) (241 SE2d 587) (1978).

3. In his final enumeration, appellant contends that the trial court erred in admitting into evidence a certified copy of his prior conviction in 1971 for child molestation. That conviction involved a factual situation quite similar to the case at bar, wherein appellant sexually abused his young niece.

" 'Evidence of other similar crimes by a defendant is admissible if there is "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cits.]" [Cit.] Such evidence may be admitted to show

state of mind or intent of a defendant. [Cit.] "In crimes involving sexual offenses, evidence of similar previous transactions is admissible 'to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged.' [Cits.]" [Cit.]' [Cits.]" *Mackler v. State*, 164 Ga. App. 874, 875 (298 SE2d 589) (1982), cert. vacated 250 Ga. 840 (301 SE2d 888) (1983). Notwithstanding this general rule with regard to sex crimes, appellant contends that his previous 1971 conviction occurred so long ago that evidence of the prior offense should not have been admitted. See *Pickelseimer v. State*, supra. However, this court has held that a nine-year time span between the prior offense and the one for which the defendant was being tried did not preclude the admission of evidence of the prior offense if such evidence would be otherwise admissible. *Miller v. State*, 165 Ga. App. 487 (299 SE2d 174) (1983). Moreover, "[i]n another case involving the sexual molestation of a child, *Copeland v. State*, 160 Ga. App. 786 (1, 4) (287 SE2d 120) [(1982)], we implicitly approved the introduction of evidence of a similar offense which occurred 12 years prior to the act for which the defendant was then on trial." *Miller v. State*, supra at 489.

The instant case is distinguishable from *Pickelseimer*, supra. In that case, the previous conviction was 18 years old, whereas the offenses for which appellant herein was convicted were committed within a nine-year span. Additionally, unlike *Pickelseimer*, appellant's two convictions were based upon extremely similar factual situations. We find that the case at bar is analogous to *Copeland*, supra, and that evidence of appellant's prior conviction for a similar act of child molestation was properly admitted.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 5, 1984.

*Kenneth W. Krontz*, for appellant.
*Frank C. Winn, District Attorney, David McDade, Assistant District Attorney*, for appellee.