A93A1111. GEE v. THE STATE.
(435 SE2d 275)

BIRDSONG, Presiding Judge.

Michael Gee was tried before a jury and found guilty of DUI. He appeals from the judgment of conviction and sentence.

At trial, the factual issue of the identity of the driver was disputed. The evidence adduced below showed the following: Shortly after midnight on an October evening, a Gwinnett County policeman was dispatched to the scene of a single car motor vehicle accident. The car had left the road and struck a tree on the median. This officer found appellant Gee outside of the vehicle attempting to comfort his friend, Perry Maroney, who lay badly injured in the passenger seat. The investigating officer testified that Gee admitted at the scene that he had been the driver of the wrecked vehicle. In opposition, Maroney testified that he, and not Gee, had been driving the vehicle at the time. Over various objections, the State was permitted to introduce a hospital intake record made the night of the wreck, showing that Maroney had stated he had been the passenger. This evidentiary ruling is Gee's sole enumeration of error. *Held*:

1. Although Gee raised in the trial court objections to the intro-

duction of the hospital intake record on the bases of privilege and foundation, these grounds are not enumerated on appeal and are consequently deemed to have been abandoned. *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207).

2. Gee does enumerate on appeal the introduction of the medical record over his hearsay objection.

"A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case." OCGA § 24-9-83. A proper foundation was laid to admit the hospital intake report as a business record pursuant to OCGA § 24-3-14 (b). Generally, the contents of a *conversation* may not be proved by business records. *Mitchell v. State*, 254 Ga. 353, 355 (5a) (329 SE2d 481). Here, however, the State sought to impeach a defense witness by proof of a prior inconsistent statement which happened to be recorded in the ordinary course of the hospital's intake procedures. To prove that a statement has been made necessarily requires proof of the content of that statement. Hearsay is admissible in a criminal case for the limited purpose of proving the existence of a witness' prior inconsistent statement. *Kirk v. State*, 168 Ga. App. 226, 230 (7) (308 SE2d 592); *Burke v. State*, 163 Ga. App. 67, 68 (1) (293 SE2d 872); *Bradley v. State*, 137 Ga. App. 670, 672 (3) (224 SE2d 778). Appellant's enumeration " 'is without merit as the statement [objected to as hearsay] was offered in rebuttal to impeach a witness. (Cit.)' [Cit.]" *Davis v. State*, 168 Ga. App. 272, 275 (6) (308 SE2d 602).

3. Appellant further argues that the introduction of this hearsay rebuttal evidence deprived him of his Sixth Amendment right to confrontation. Appellant failed to "raise a due process objection [below] and this court will not consider issues and grounds for objection, even of constitutional magnitude, which were not raised [and determined] in the trial court. [Cits.]" *Lewis v. State*, 205 Ga. App. 29, 30 (1) (421 SE2d 339).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 19, 1993.

*John Matteson*, for appellant.
*Gerald N. Blaney, Jr.*, Solicitor, *Richard E. Thomas, Deborah M. Perlis*, Assistant Solicitors, for appellee.