A95A0609. WILLIAMS v. THE STATE.
(458 SE2d 671)

ANDREWS, Judge.

Demetrius Williams was charged and convicted of a violation of the Georgia Controlled Substances Act and appeals from that conviction.

Evidence at trial was that on the evening of April 20, 1991, Clayton County deputies James Watkins and Samuel Smith were patrolling the area of Springdale Road. Watkins and Smith were part of the Night Hawk Unit, which is a street-level drug interdiction team within the Clayton County sheriff's office.

As the uniformed deputies, who were traveling in a marked sheriff's vehicle, neared a pool hall, they observed several men standing on the sidewalk near the front of the pool hall. Because the location was known for drug dealing, the officers decided to investigate. As they neared the group on the sidewalk, they observed Williams bending over an area of the fence located between the pool hall and the next building. Williams then straightened up and returned to the group of men on the sidewalk.

Deputy Smith began talking to the individuals in the group and looking for any drugs that may have been thrown down on the ground. Meanwhile, Deputy Watkins walked over to the fence behind the subjects. He testified that he had been advised that drugs were often hidden in a fence post at a gate in the area which Williams had just left. Watkins inserted his fingers into the fence post cavity and

felt a plastic bag. This bag contained 15 smaller plastic bags, each of which contained a white chunky substance later determined to be crack cocaine. After a non-verbal signal from Watkins, the two deputies returned to their vehicle and drove around to the street behind the pool hall. They then walked to a wooded area close to the fence where they could observe the fence post without being seen.

The officers heard Williams ask one of the other men, Bruce Hines, "who's selling this dope, you or me?" Hines then walked past Williams to the fence post from which the officer had removed the cocaine. Hines knelt down and reached inside the same hole from which Watkins had retrieved the crack cocaine. Hines then told Williams that "it was not there." Williams responded excitedly to this and went over to the fence post himself. Williams put his hand into the cavity where the officers had found the cocaine. Williams then stood up and asked where "it" was. At this time, Hines began looking around on the ground. Both officers stated that the conversation between Hines and Williams was loud enough for them to hear.

Watkins and Smith returned to the front of the building and placed Hines under arrest. Williams was no longer in the area. About four months later, Officer Smith found Williams and placed him under arrest for possession of cocaine.

1. In his first enumeration of error, Williams claims that the prosecutor improperly impeached Williams' only defense witness. But, as Williams himself admits, there was no objection to this raised at trial, and it cannot be raised for the first time on appeal. See *Lewis v. State*, 188 Ga. App. 205, 206 (372 SE2d 482) (1988).

2. Second, Williams claims that the court erroneously refused his written request to give the jury the "two theories" charge. The "two theories" charge states that "where the evidence and all reasonable deductions present two theories, one of guilt and the other consistent with innocence, the theory consistent with innocence must be accepted." (Emphasis omitted.) *Stonaker v. State*, 134 Ga. App. 123, 126 (213 SE2d 506) (1975).

Assuming, arguendo, that this enumeration was properly preserved below, we find no error. The "two theories" charge has been disapproved by this court. *Shutt v. State*, 215 Ga. App. 617 (451 SE2d 530) (1994). It is a statement of law that "does not accurately state the principle addressed and should never be given." *Cantrell v. State*, 212 Ga. App. 288, 290 (441 SE2d 879) (1994); *Johnson v. State*, 210 Ga. App. 99, 102 (435 SE2d 458) (1993). Therefore, the trial court did not err when it refused Williams' request to give the "two theories" charge.

3. In his third, fourth, and eighth enumerations, Williams claims that the trial court erred in denying his motion for new trial and that the verdict was contrary to law and contrary to the evidence. Wil-

liams claims that the State never proved beyond a reasonable doubt that Williams and Hines possessed the cocaine jointly.

"On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Rigenstrup v. State*, 197 Ga. App. 176, 181 (398 SE2d 25) (1990).

In this case, viewing the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence from which a rational trier of fact could find that Williams was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The two officers testified that as they approached the group in front of the pool hall, they saw Williams bend over the area in the fence where they later found the cocaine hidden. The officers observed Williams' behavior and heard Williams' response when Hines told him that the cocaine was not in the cavity in the fence.

It is the duty of the jury to determine the credibility of witnesses and resolve conflicting testimony. *Davis v. State*, 203 Ga. App. 227, 228 (416 SE2d 771) (1992). The evidence was sufficient for a rational trier of fact to find Williams guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra. Therefore, the verdict was not contrary to law or to the weight of the evidence, and the trial court did not err in denying Williams' motion for new trial on these grounds.

4. Next, Williams argues that the prosecutor committed an act of prosecutorial misconduct which influenced the jury to convict him. Williams claims that the prosecutor's question at trial as to whether Williams had any prior drug convictions constitutes prosecutorial misconduct.

After the prosecutor asked the question, defense counsel objected immediately. The trial court sustained the objection and instructed the prosecutor not to say any more. This issue was never raised again, and there was never any argument raised in the trial court as to prosecutorial misconduct. "[T]he contemporaneous objection rule cannot be avoided by characterizing trial occurrences as examples of prosecutorial misconduct." *Ledford v. State*, 264 Ga. 60, 67 (439 SE2d 917) (1994) (quoting *Spencer v. State*, 260 Ga. 640, 646 (398 SE2d 179) (1990)). Further, this is a serious charge, and once appellant raises a charge of prosecutorial misconduct, he "has the duty to prove it by the record and by legal authority." *Moclaire v. State*, 215 Ga. App. 360, 364 (451 SE2d 68) (1994), quoting *Meredith v. State*, 211 Ga. App. 213, 215 (4) (438 SE2d 644) (1993). Williams does not cite to any legal authority for his claim that this question rises to the level of prosecutorial misconduct and, therefore, we find this enumeration of

error to be without merit. *Smith v. State*, 214 Ga. App. 631, 634 (448 SE2d 906) (1994); *Meredith v. State,* supra at 215.

5. Williams claims that the trial court incorrectly charged the jury regarding the moral and reasonable certainty test, instead of with the proper legal standard of proof beyond a reasonable doubt. But, the trial court charged the moral and reasonable certainty test in addition to and not instead of the test of beyond a reasonable doubt. The trial court charged: "[no] person shall be convicted of any crime unless and until each element of the crime is proved beyond a reasonable doubt and to a moral and reasonable certainty." The trial court then stated that "[m]oral and reasonable certainty is all that can be expected in a legal investigation."

While this court has since concluded that this terminology should not be used in jury instructions, *Lloyd v. State*, 214 Ga. App. 564, 569 (448 SE2d 729) (1994), it has not held that the charge constitutes reversible error. As long as the jury is charged on the standard of reasonable doubt and it is unlikely that the jury could have interpreted the court's charge as allowing conviction on proof which does not meet the reasonable doubt standard, there is no reversible error. *Lloyd*, supra at 569.

6. Williams claims that his trial counsel was ineffective and that the court erred in failing to so find. Williams argues that his trial counsel was ineffective in that he failed to call Hines as a witness, failed to object to the prosecutor's improper questions, and failed to object to improper impeachment of appellant's witness.

In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. *Warren v. State,* 197 Ga. App. 23 (1) (397 SE2d 484) (1990). Here, Williams must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. *Snyder v. State*, 201 Ga. App. 66 (8) (410 SE2d 173) (1991). "To establish ineffective assistance of counsel, [a defendant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. [Cits.]" The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. *Gross v. State*, 262 Ga. 232, 233-234 (1) (416 SE2d 284) (1992).

After the hearing on Williams' motion for new trial, the trial court found that defense counsel was not ineffective at trial. As to defense counsel's failure to call Hines, Williams' co-defendant, the court stated that defense counsel had considered this and decided it would not be a good decision to have Hines testify. Defense counsel testified that Williams had told him that he and Hines had a falling out at one time. Further, defense counsel testified that he was con-

cerned that Hines could be easily impeached and might do more harm than good if called as a witness. Therefore, based on this information, defense counsel made the tactical decision not to call Hines as a witness. The trial court found that this was a matter of trial strategy and was not ineffective assistance of counsel.

As to Williams' claim that defense counsel failed to object to the prosecutor's improper question allegedly placing Williams' character in issue, the record shows that defense counsel did object and the trial court sustained his objection. Defense counsel did not move for a mistrial at the time, but the trial court found that defense counsel was justified in making the tactical decision not to move for a mistrial.

Defense counsel did not object when the prosecutor cross-examined a defense witness at trial and asked the witness about his prior convictions. Defense counsel explained that he did not object because he had already elicited this information from the witness on direct examination and, therefore, it was perfectly proper for the prosecutor to ask the question. Defense counsel testified that he felt it would be better to have the witness volunteer this information because he knew that it would come out ultimately for impeachment purposes.

Further, as the trial court pointed out, defense counsel conferred with Williams, developed a trial strategy, filed pretrial motions, cross-examined witnesses, presented defense witnesses, and submitted numerous requests to charge. Therefore, the trial court's finding that defense counsel rendered reasonably effective assistance of counsel is not clearly erroneous, and the trial court did not err when it denied Williams' motion for new trial on this ground.

7. Williams argues that the trial court erred by requiring his counsel to pay the court reporter for takedown and for transcription of proceedings of August 2, 1994. At the August 2 hearing, after a discussion with counsel for both sides, the trial court continued the hearing on Williams' motion for new trial until September 20, 1994. There was no testimony at this proceeding.

Williams does not point out anywhere in the record where this argument was raised below. Further, there was no testimony given at this proceeding, only argument of counsel. OCGA § 17-8-5 does not require that proceedings which consist solely of argument be transcribed. *Miller v. State*, 165 Ga. App. 487, 489 (299 SE2d 174) (1983). Moreover, Williams has not made out a colorable need for the transcript of the proceeding for purposes of this appeal. *Sales v. State*, 152 Ga. App. 635, 636 (263 SE2d 519) (1979). Therefore, we find this enumeration of error to be without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

Decided June 7, 1995 —
Reconsideration denied June 21, 1995 —

*Lloyd J. Matthews*, for appellant.
*Robert E. Keller, District Attorney, Tom Woodward, Assistant
District Attorney*, for appellee.