24759. DIXON v. THE STATE.

Submitted July 9, 1968—Decided September 24, 1968.

*Jackson B. Harris,* for appellant.

*Robert Walther, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for appellee.

Mobley, Justice.  George R. Dixon was charged with the murder of L. T. McCright.  This appeal is from his conviction and the sentence thereon, and from the judgment denying his motion for new trial, as amended.  He enumerates as error: (1) the denial of his motion for new trial, as amended; (2) the refusal to grant a continuance because of the failure of the clerk of the superior court to comply with *Code Ann.* § 27-1401; (3) the excusal, for cause, of three jurors in the second panel of jurors, when they indicated they were opposed to capital punishment; and (4) the refusal to charge the jury certain language.

■ The only question presented by the motion for new trial, as amended, which is not specifically raised by the enumeration of errors is the sufficiency of the evidence to support the conviction.  No argument has been made on this issue, and it will be considered as abandoned.  However, we have studied the evidence and find that it discloses an extremely brutal murder, and that the jury was authorized to find that the defendant was the perpetrator of the crime.

■ It is contended that it was error to fail to grant the motion of counsel for the defendant for a continuance because of the failure of the clerk of the superior court to mail a written notice of the date set for the defendant's arraignment, as provided by Ga. L. 1966, pp. 430, 431 (*Code Ann.* § 27-1401).  The arraignment was on January 22, 1968.  Counsel for the defendant received a written notice, dated January 15, 1968, signed by the secretary to the Solicitor General of the Rome Judicial Circuit, and was furnished with a copy of the indictment and list of witnesses on January 19, 1968.  Counsel stated that he was not pleading surprise, that he was ready for trial, and not requesting additional time for preparation for trial, but that he was insisting on a continuance because of the clerk's failure to comply with the law.

The law on which the defendant relies (*Code Ann.* § 27-1401) provides that appearance and entering a plea by the accused shall be a waiver of the notice required. The failure to grant a continuance under the circumstances of this case, where no injury resulted to the defendant from such failure, was not error.

■ After the judge had charged the jury, he called on counsel to state any request for additional charge. Counsel for the defendant responded with the following: "I would request that the court charge the jury this. The fact that defendant remained silent, and made no statement, would neither be an admission of guilt nor a denial of guilt, your Honor. The fact that he remained silent would be neither an admission nor a denial of the evidence produced by the State, can be weighed by the jury." The defendant assigns error on the refusal of the judge to give this charge to the jury.

This court in *Ivy v. State,* 220 Ga. 699, 705 (141 SE2d 541), approved the ruling of the Court of Appeals in *Bargeman v. State,* 17 Ga. App. 807 (1) (88 SE 591), as follows: "In a criminal case in which the defendant makes no statement at the trial, it is not error for the court to fail to instruct the jury that that fact should not be considered by them in determining as to the guilt or the innocence of the accused, where there is no request for such an instruction." The defendant relies on this case, asserting that it indicates that it would be error to refuse to charge on the subject, if requested.

At the time the *Bargeman* and *Ivy* cases were decided, the only method provided by law of requesting instructions was by written request to charge (Code of 1933, § 81-1101), and the request referred to in those cases was such written request. Under the law in effect at the time of the trial of the present case (Ga. L. 1966, pp. 493, 498), it was provided that written requests for instruction might be made at the close of the evidence, or earlier; and it was also provided that, in order to obtain review, objection to any charge, or failure to charge should be made prior to the return of the jury's verdict with the exception that where substantial error is made in the charge, it will be reviewed by the appellate courts without such objection.

We do not understand that the effect of the 1966 law, supra,

was to make it unnecessary to file written requests to charge, as provided by that law. The charge which the defendant claims the trial judge erroneously refused to give was not one to which he was entitled as a matter of law, and in view of the failure to make a proper written request to charge, this assignment of error is controlled by *Ivy v. State*, 220 Ga. 699, 705, supra.

■ Three jurors called to try the defendant's case were dismissed for cause on their statement that they were conscientiously opposed to capital punishment. It is contended that this was erroneous under the decision of the Supreme Court of the United States in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), which holds that a sentence of death cannot be carried out if the jury that imposed it was chosen by excluding jurors for cause because they expressed conscientious scruples against its infliction.

Since no error has been shown in the conviction of the defendant except that relating solely to the sentence, we affirm the conviction, but direct that the issue of punishment be retried by a jury selected in conformity with the Witherspoon decision. See *Miller v. State*, 224 Ga. 627.

*Judgment affirmed with direction. All the Justices concur.*