## 33806. LAY v. THE STATE.

HILL, Justice.

Frances Lay was indicted together with her son (Undell Lay) and James Moten for the murder of her teenage grandaughter. The son pled guilty to the murder and testified for the defense at the trial, which resulted in the convictions of Frances Lay and James Moten.

James Moten's conviction was timely appealed and affirmed. *Moten v. State,* 231 Ga. 642 (203 SE2d 527) (1974). Frances Lay's attorney failed to timely file her appeal. She subsequently filed a petition for habeas corpus, which was granted, resulting in this "out of time appeal."[1]

---

[1]"Out of time appeal" in Georgia appears to have had

1. Frances Lay contends that the evidence against her was wholly insufficient to support the verdict and judgment.

The state presented evidence on the theory that the victim was killed for the proceeds of four life insurance policies payable to Frances Lay as beneficiary, that the actual murder was committed by Undell Lay and James Moten and that when the victim's body was not discovered the three participants planned that Frances Lay would tell the sheriff of a telephone call from an unidentified man telling her that he had killed the girl and giving the location of the body. When the sheriff was unable to locate the body based on this information, Frances Lay located it for the authorities.

There is no dispute that Undell Lay and James Moten killed the girl and disposed of her body. Undell Lay freely admitted he committed murder but testified that he killed the victim for personal reasons and that his mother had no part in the crime. James Moten testified that his participation was a result of threats made by Undell Lay and that Undell Lay's mother was not involved.

There was evidence that Frances Lay lied to police about the existence of three of the four insurance policies she had recently sought and obtained on the victim's life and had hidden in her home. There was also evidence admissible against James Moten from which the jury would have been authorized to find that she was present when Undell Lay and James Moten planned how Moten would call Frances Lay at a neighbor's house and tell her where the body could be found. There was direct as well as circumstantial evidence of Frances Lay's participation in the criminal activity. Her participation was shown and

its genesis in Byrd v. Smith, 407 F2d 363 (5th Cir. 1969). Although it has no codical basis, it is granted where the deficiency involves not the trial but the denial of the right of appeal. See *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141) (1974); *Thornton v. Ault,* 233 Ga. 172 (210 SE 2d 683) (1974). In *Hester v. State,* 242 Ga. 173 (1978), there was no denial of the right of appeal and no order allowing an out of time appeal.

corroborated by her reports to the sheriff as well as her locating the body. Accepting that Undell Lay and Moten disposed of the victim's body, the jury would have been authorized to find that one of them told Frances Lay, either in person or by phone, where it was so that she could discover it. The discovery of the body was unnecessary (as well as undesirable) to Undell Lay's avowed personal motive for the murder but was necessary to collect the insurance. After hearing the witnesses and having observed them testify, the jury found Frances Lay guilty. We find the evidence was sufficient to authorize the verdict. *Ridley v. State,* 236 Ga. 147 (1) (223 SE2d 131) (1976); *Harris v. State,* 236 Ga. 242 (1) (223 SE2d 643) (1976); *Banks v. State,* 237 Ga. 325 (1) (227 SE2d 380) (1976); *Knight v. State,* 239 Ga. 594, 598 (238 SE2d 390) (1977).

2. In the absence of an appropriate timely written request, it is not error for the trial court to fail to charge that the defendant's failure to testify in her own favor shall not create a presumption against her. *Dixon v. State,* 224 Ga. 636 (3) (163 SE2d 737) (1968); *Woodard v. State,* 234 Ga. 901 (7) (218 SE2d 629) (1975). The trial court properly instructed the jury on the legal presumption of innocence, the burden of proof, reasonable doubt, malice aforethought, and parties to crime. Instruction regarding the defendant's failure to testify was not requested in time or in writing.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1978 — DECIDED SEPTEMBER 5, 1978 — REHEARING DENIED SEPTEMBER 26, 1978.

*James C. Bonner, Jr., Robert C. Kates,* for appellant.
*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General,* for appellee.