## 63910. SPEIGHTS v. THE STATE.

POPE, Judge.

Richard Henry Lee Speights was indicted for the murder of his wife Laverne. He was found guilty of voluntary manslaughter and

brings this appeal enumerating as error the general grounds and the admission of certain psychiatric and psychological evidence. *Held:*

1. Appellant's first three enumerations of error challenge the sufficiency of the evidence to support the verdict. "A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . ." Code Ann. § 26-1102. The thrust of appellant's argument here is that the evidence did not show such provocation and passion.

The evidence is undisputed that appellant shot his wife on November 11, 1980. Appellant and his wife had been having marital problems which resulted in fights and numerous separations. This situation had existed for approximately one year. Prior to the shooting appellant had not seen his wife for two days.

The shooting occurred at the residence of Bernard Cooley in Cartersville. The deceased and a friend had stopped by the house, purportedly to see some remodeling. Appellant testified that on the evening in question he began to drive to work at 7:00 p.m. As was his custom, he carried a pistol with him for protection. While en route he picked up an acquaintance named Butch Johnson. As he drove past the Cooley house, he spotted his wife's car and pulled over and parked. Appellant entered the house, spotted his wife sitting with several others, and requested his wife to step outside because he wanted to speak to her. There were a large number of people at the house, and alcoholic beverages were being consumed. He believed his wife then said to Cooley, "Come on show me the house." Appellant then pulled his pistol from his pocket and shot his wife three times in the head. Appellant further testified that he had not intended to shoot his wife and did not know why he had. He did not remember drawing the pistol, although he did remember firing one shot and seeing blood. His wife was still sitting when he left the house, got in his car, and drove to the county jail, where he turned himself in.

Bernard Cooley testified that appellant entered his house, spoke to him, and demanded that his wife go outside. Appellant had an "ugly" demeanor. Appellant's wife winked at Cooley saying, "Wait a minute" and began to get up. At that time appellant pushed her down, grabbed her head, placed the pistol to her head and shot. Cooley's testimony conflicted somewhat with other evidence adduced at trial, which showed that appellant acted in a calm and normal manner until he suddenly and without warning shot his wife.

Appellant introduced the testimony of a psychiatrist and a

psychologist. Both experts testified that appellant was competent to stand trial. The psychologist testified that at the time of the shooting appellant had felt put down, castrated by his wife's behavior, and had impulsively drawn the pistol. In his opinion appellant's act was one of passion and irresistible impulse. The psychiatrist testified that appellant had "an existent impairment in his impulse control" at the time of the shooting.

Our Supreme Court has held: "[I]f the evidence supports a verdict of guilty in the more serious offense, and if there is slight evidence of the lesser included offense, a defendant who requests a charge on and is convicted of the lesser offense may not successfully urge the general grounds on appeal. We do not depart from the proposition that the state must prove commission of the offense charged beyond a reasonable doubt, but we conclude that when this burden is met and a defendant affirmatively requests a charge of a lesser included offense, he presents to the jury a choice of verdicts." *State v. Clay,* 249 Ga. 250, 251 (290 SE2d 84) (1982). In other words, a criminal defendant under these circumstances will not be permitted to transform a successful trial strategy into reversible error thereby avoiding any punishment for his criminal act. The record discloses that appellant requested a charge on voluntary manslaughter and that any rational trier of fact could have found appellant guilty of murder beyond a reasonable doubt. Therefore, appellant may not successfully contend that the evidence does not support his conviction, because he affirmatively offered the alternative theory of voluntary manslaughter to the jury.

2. Appellant also contends that the trial court erred in allowing the testimony of a state psychiatrist and psychologist as to statements made by him during the course of their examinations when he had not been warned that these statements could be used against him at trial. The record discloses that appellant expressly consented to the examinations by the state psychiatrist and psychologist. Moreover, their testimony was used by the state only in rebuttal to appellant's psychiatric and psychological testimony. Under these circumstances appellant's Fifth Amendment rights were not violated by the admission of this testimony. See Estelle v. Smith, 451 U. S. 454, 463-469 (101 SC 1866, 68 LE2d 359) (1981); Battie v. Estelle, 655 F2d 692 (II B) (5th Cir. 1981); United States v. Cohen, 530 F2d 43 (IV) (5th Cir. 1976), cert. den. 429 U. S. 855 (1976). In any event, the testimony objected to was substantially identical to other evidence adduced at trial — appellant's statement to the police and his own testimony at trial. Any error was therefore harmless. Accord, *Williams v. State,* 159 Ga. App. 508 (284 SE2d 27) (1981).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 5, 1982 — 

*C. Stephen Cox, Stephen R. Bradley,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.