## 65660. ADAMS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of kidnapping. He contends on appeal that the trial court erred by allowing a seven-year-old witness to testify who was not shown to be competent, and that the in-court identification of appellant by two witnesses was tainted by improper pretrial identification procedures.

Johnnie Raborn, William Bullard and a boy named Shannon were riding their bicycles at an old racetrack after school when appellant came out of some woods, picked Raborn up and carried him into the woods. Raborn choked appellant, who then put Raborn down; when Raborn said he would scream appellant told him he would carry Raborn deeper into the woods. Raborn was afraid to get up because of appellant's size, but after about 15 minutes he got up, stepped on appellant's toe and escaped.

1. William Bullard, a seven-year-old boy, was called as a witness by the state. During a hearing as to his competency he testified that a lie is when you tell a story, and if a person lies he can go to jail. On cross-examination Bullard testified that the prosecuting attorney told him before trial what questions would be asked and told Bullard what to say in response to those questions. Bullard also testified that he didn't really know what would happen to him if he told a lie. Bullard was then questioned by the court and in response to a question as to whether it was right or wrong to tell a lie, Bullard stated that it was wrong to tell a lie and if he did so his mother and father would whip him. The trial court then ruled, over objection, that Bullard was competent to testify; appellant contends that ruling was error.

OCGA § 24-9-5 (Code Ann. § 38-1607) provides that children who do not understand the nature of an oath shall be incompetent witnesses. The competency of a child as a witness is within the sound discretion of the court and its ruling will not be disturbed unless there is a manifest abuse of discretion. *Cain v. State,* 144 Ga. App. 249, 250

(2) (240 SE2d 750) (1977). Regardless of whether or not Bullard's initial responses were prompted by the state, his responses to questions by the court indicate that he knew it was wrong to tell a lie and he would be punished if he did so. In a case where the questions and answers were similar to those in the instant case we held: "While on the cold record the testimony of the boy does not inspire confidence, we are unable to see the child as did the trial court and we are unable to evaluate the child's demeanor or candor. We will not substitute our judgment for that of the trial court nor do we find a manifest abuse of discretion." *Herron v. State,* 155 Ga. App. 791, 792 (1) (272 SE2d 756) (1980). For the same reason set forth in *Herron* we find no manifest abuse of discretion in the court's ruling that Bullard was a competent witness.

2. In his second and third enumerations of error appellant contends that the in-court identification by Bullard and Raborn was tainted by improper pretrial identification procedures. However, when Bullard and Raborn identified appellant in open court he made no objection, nor did appellant ask that the in-court identification and testimony relating thereto be stricken from the record. It is well settled that this court will not consider questions raised for the first time on review. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment affirmed. Quillian, P. J., and Pope J., concur.*

DECIDED JUNE 6, 1983.

*Richard E. Allen,* for appellant.

*Sam B. Sibley, Jr., District Attorney, D. Gregory Weddle, Assistant District Attorney,* for appellee.