41968. WEBB v. THE STATE.
(327 SE2d 224)

GREGORY, Justice.

In November 1981, petitioner, while an inmate at Georgia State Prison, was convicted of the aggravated assault of another prisoner. Following his conviction petitioner expressed dissatisfaction with his appointed trial counsel's performance, but nonetheless requested that trial counsel pursue an appeal on his behalf. Trial counsel filed a motion for new trial and on December 15, 1981 wrote petitioner that in the event the motion for new trial was denied, he would "prepare a brief and submit it to the Court of Appeals." Trial counsel further stated he would inform petitioner of the status of the appeal after he received the trial transcript.

Shortly after his conviction petitioner was placed in federal custody and transferred to a prison in California. In the following five months petitioner wrote at least two letters to his trial counsel, requesting information regarding his appeal. When he received no response from trial counsel, petitioner directed his inquiries to the judge who had presided over his trial. The record indicates the judge forwarded copies of petitioner's letters to trial counsel.

On June 25, 1982, the trial court denied petitioner's motion for new trial. The record is clear that at the time of the denial of the motion for new trial and for nearly four months thereafter,[1] trial counsel represented the petitioner. On October 12, 1982, petitioner

---

[1] In his letters to the trial court, petitioner repeatedly expressed his dissatisfaction with trial counsel and asked that he be removed from the case. On October 21, 1982 the trial court entered an "order on withdrawal from representation," relieving trial counsel of "all responsibility for the prosecution of an appeal on behalf of petitioner." The court ordered trial counsel to furnish petitioner with any records in his possession which petitioner might need to prosecute his appeal.

again wrote trial counsel, requesting that the notice of appeal and briefs filed in the Court of Appeals be forwarded to him. Trial counsel did not respond to this letter.

Petitioner testified he was not notified that the motion for new trial had been denied until January or February of 1983.

Trial counsel did not take an appeal in this case. He testified he had not done so because of petitioner's obvious dissatisfaction with his assistance, and because petitioner had requested that trial counsel be removed from the case.[2]

Petitioner thereafter filed a petition for habeas corpus, seeking an out-of-time appeal on the basis of trial counsel's ineffective assistance in preserving his right to an appeal. The habeas court denied the petition and we granted petitioner's application to appeal.

The facts of this case lead us to conclude that petitioner was denied his constitutionally protected right of counsel when his trial counsel agreed to pursue petitioner's appeal, then abandoned the appeal without notice to petitioner. *Williams v. Hopper*, 243 Ga. 475 (254 SE2d 854) (1979). The judgment of the habeas court is reversed and petitioner is granted an out-of-time appeal.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 15, 1985.

*James C. Bonner, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.

---

[2] Trial counsel also testified he had not taken an appeal because the trial court removed him from the case "at about the same time the motion for new trial was denied." The motion for new trial was denied on June 25, 1982. The trial court discharged trial counsel from the case on October 21, 1982.