## 71442. BEARD v. THE STATE.
### (342 SE2d 751)

BEASLEY, Judge.

Beard was convicted of molesting a 13-year-old female child. (OCGA § 16-6-4.)

1. The first question is whether the court erred in denying his motion for a continuance.

Beard's case came to trial over a year after the incident and more than eight months after indictment. He had surrendered for arrest less than two weeks after the incident and had already retained counsel, at whose request a comprehensive preliminary hearing was held and transcribed. That counsel conducted extensive negotiations with the district attorney. After the trial was set, defendant fired his first counsel. He hired new counsel, who at the time he took the case knew it had been set for ten days hence, knew it was an old case, and had access to the previous counsel's file and the transcript of the preliminary hearing at which three of the state's five trial witnesses testified.

Without moving for an extension at any time prior to the date of trial, continuance was prayed for when the calendar was called, and the request was repeated, with no new reasons, when the case was called. The reason advanced was that counsel had been in Iowa for a week and so had not completed preparation. The state indicated that it had received motions from new counsel shortly after his being retained. (They are not in the record and we do not know their nature). After considering these facts, the court denied the motion for a continuance.

" 'Motions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion. [Cits.]' " *Miller v. State*, 165 Ga. App. 487, 488 (1) (299 SE2d 174) (1983). There is no fixed rule as to the number of days which must be

allowed counsel to prepare in a criminal proceeding; it is dependent upon the facts and circumstances of each case, as pointed out in *Miller*. Lack of preparation of a new counsel is not alone a ground for continuance. *Cooper v. State*, 148 Ga. App. 301 (251 SE2d 157) (1978). Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in the face of *justifiable* request for delay would violate the right to assistance of counsel. *Morris v. Slappy*, 461 U. S. 1 (103 SC 1610, 75 LE2d 610) (1983).

Clearly, there is no abuse shown here, particularly in view of defendant's decision to employ new counsel knowing the trial was ten days off, the significance of which factor was exacerbated by not bringing to the attention of the court until the moment for trial the desire for additional time.

2. Beard's photos at book-in (front and side views, showing date taken) were admitted over objection that they were cumulative of the deputy sheriff's unobjected-to testimony regarding the taking of them at arrest and the date thereof. Now Beard claims that they were unduly prejudicial and that this outweighed their probative value. A new ground presents us nothing for review. See *Brooker v. State*, 164 Ga. App. 775, 778 (2) (298 SE2d 48) (1982). Even if properly raised, the question resolves itself against appellant. "Our appellate courts have held many times that mugshot evidence of itself does not prejudice the defendant or place his character in issue. [Cits.]" *Jones v. State*, 156 Ga. App. 56, 57 (1) (274 SE2d 99) (1980).

3. Error is enumerated in the court's requiring Beard to answer the cross-examiner's question, "Have you ever bought marijuana?," after he invoked the Fifth Amendment privilege against self-incrimination.[1] Earlier in his testimony, Beard admitted that he and his girl friend had smoked marijuana during the evening before the child he was charged with molesting went to bed. He said they had not gotten it that night, that it was in his girl friend's house (where the alleged incident took place), and that it was his girl friend's marijuana. He described the effect marijuana has on him and stated that he had been smoking it since he was about twenty years old and was then thirty-seven. After discussing Beard's girl friend's marijuana, the district attorney asked whether he ever bought any, and Beard invoked the Fifth Amendment.

When he was required to answer the question, he said "Yes naturally" and then answered several other questions about buying mari-

---

[1] On appeal, he invokes also the 1976 Ga. Const., Art. I, Sec. I, Par. XIII, although this one was no longer in effect at the time of his trial. Even if he had invoked the 1983 Const., Art. I, Sec. I, Par. XVI, effective July 1, 1983, it would be too late for us to consider this ground. See, e.g., *State v. Camp*, 175 Ga. App. 591, 592 (1) (333 SE2d 896) (1985).

juana without again refusing to answer. Thus, if it was error to require him to answer the only question objected to, it was harmless because similar evidence was not objected to and therefore the answer was merely cumulative. See, e.g., *DeBerry v. State*, 241 Ga. 204, 207 (3) (243 SE2d 864) (1978). In addition, much of the testimony prior to the question at issue raised a strong inference, at the least, that Beard had at some time purchased marijuana. Having smoked it for seventeen years and being familiar with how it was packaged and that it was expensive makes the question "Have you ever bought marijuana?" almost superfluous. Even Beard recognized that, as shown by his response, "Yes naturally." Without harm, there can be no reversible error. *Bowen v. State*, 170 Ga. App. 49, 50 (1) (316 SE2d 33) (1984). In addition, having already admitted possession, and thus waived the constitutional right in that regard, purchase would subject him to no greater penalty. OCGA § 16-13-31 (c).

4. As to the general grounds, Beard simply claims that without the evidence which he asserts should have been excluded and which we have discussed above, the weight of the evidence is contrary to the verdict. We have ruled that the evidence was admissible, so the enumeration fails. Even if his book-in photographs and the admission that he had at some time bought marijuana had been excluded, the weight of the evidence of child molestation would not have been materially affected.

Since he does not argue beyond that, we will not rehearse the evidence. Despite his not pointing to any elements which were not proved, nor any particular lack of evidence as to any element, we have reviewed the transcript and conclude that the evidence heavily favors the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Thomas v. State*, 175 Ga. App. 873 (334 SE2d 903) (1985).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1986.

*Barry R. Price*, for appellant.

*Frank C. Winn, District Attorney, John T. Garcia, James D. McDade, Assistant District Attorneys*, for appellee.