## 72126. LEWIS v. THE STATE.
### (345 SE2d 120)

SOGNIER, Judge.

Lewis appeals from his conviction of burglary and auto theft. In his sole enumeration of error appellant contends that the evidence, being circumstantial, was not sufficient to exclude every reasonable hypothesis save that of his guilt.

The evidence disclosed that shortly after Diane Hood arose and was getting her daughter ready for school, she could not find her purse. Thinking she may have left her purse and car keys in her car, she went outside and discovered her car was missing. Hood called her husband, her father and the sheriff's office, and Detective Harry Watts was sent to Hood's home. Watts determined that the Hood home had been entered by prying open a locked door in the utility room. A fingerprint found on an eight-track tape was sent to the State Crime Laboratory where a fingerprint examiner was able to identify the fingerprint as the left thumb print of appellant.

About 10 days later Hood's father, Garnell Bennett, saw appellant driving his daughter's car in Waycross, Georgia, and followed him to a shopping mall. Bennett got a policeman, pointed out his daughter's car and told the policeman the car was stolen from Bennett's daughter in Waresboro, Georgia, even though the car had a Florida license plate when spotted by Bennett. Bennett pointed out appellant to the police officer, who questioned appellant and was informed by him that he had borrowed the car, or it had been loaned to him by his (appellant's) father. The car was returned to Waresboro and after establishing that the car belonged to Diane Hood and had been stolen from her, the car was searched. Hood's purse was found on the front floorboard of the car, and the contents of her purse and other items belonging to Hood and her husband were found in the car's trunk. The Georgia license plate for the car, issued to Hood's husband, was also found in the trunk of the car.

After being advised of his *Miranda* rights and waiving those rights, appellant first told Detective Watts that a person named Bruce Cannon loaned him the car. Appellant later changed his story and told Watts that he (appellant) had driven Cannon to Waresboro, where Cannon departed and stole the car. He again changed his story

and told Watts that appellant and Cannon walked to Waresboro, where Cannon went in the Hood home while appellant acted as a lookout; they then stole the car and drove to Waycross. The police were unable to locate anyone named Bruce Cannon in Georgia or Florida, where he allegedly lived.

At trial appellant testified that he did not understand his *Miranda* rights when they were read to him and he made a statement because Watts scared him. Appellant also testified that he bought the car from Cannon. Although appellant argues that the evidence is circumstantial he was found driving Hood's car, with her purse and other possessions still in the car. Evidence of recent, unexplained possession of stolen property is sufficient in itself to support a conviction of theft by taking. *Callahan v. State*, 148 Ga. App. 555, 556 (4) (251 SE2d 790) (1978); *Aldridge v. State*, 158 Ga. App. 719, 720 (1a) (282 SE2d 189) (1981). As to the burglary, appellant's fingerprint is direct evidence that he was in the Hoods' home. He had no authority to enter the home and Mrs. Hood did not consent to appellant's taking her purse and her car. Even assuming, without deciding, that such evidence is circumstantial; whether circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of a defendant's guilt is primarily a question for the jury. *Bowen v. State*, 173 Ga. App. 361 (1) (326 SE2d 525) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 5, 1986.

*Susan C. Jankowski, Charles D. Chastain*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.