### 73426. NEAL v. THE STATE.
(355 SE2d 469)

BENHAM, Judge.

Appellant was indicted on charges of theft by taking and burglary. As to the charge of theft by taking, it was alleged that appellant stole a motorcycle from the House of Suzuki ("Suzuki"), in Houston County, Georgia. The case was tried in Houston County, where the theft occurred. The jury was charged on theft by taking and, at the request of appellant's counsel, on theft by receiving, a lesser included offense of theft by taking. As to the crime of theft by receiving, appellant offered evidence that he purchased the motorcycle from a friend in Peach County, Georgia. Appellant was convicted of theft by receiving and appeals from the denial of his motion for new trial.

In his two enumerations of error appellant asserts the general grounds, contending that there was no evidence of his knowledge that the motorcycle was stolen, and lack of venue, contending that the evidence relating to theft by receiving established that it was committed, if at all, in Peach County. We held in *Speights v. State*, 163 Ga. App. 738, 740 (294 SE2d 650) (1982): "if the evidence supports a verdict of guilty in the more serious offense, and if there is slight evidence of the lesser included offense, a defendant who requests a charge on and is convicted of the lesser offense may not successfully urge the general grounds on appeal." See also *State v. Clay*, 249 Ga. 250, 251 (290 SE2d 84) (1982).

Here the evidence was sufficient to support a verdict of guilty of the crimes charged in the indictment. On July 7, 1984, Suzuki was

entered through a hole made in the concrete block wall at the rear of the store. Taken from the store was a motorcycle, a helmet, and a license tag. The day after the burglary, two police officers spotted appellant on the motorcycle and approached him. Appellant fled and a chase ensued, ending when appellant skidded into a patrol car. The license tag on the motorcycle and the helmet appellant was wearing were both stolen from Suzuki. Appellant's fingerprints were found inside Suzuki on another motorcycle. Shoe prints similar to those he was wearing when he was arrested were found on the ground near the rear of the shop. "Evidence of recent, unexplained possession of stolen property is sufficient in itself to support a conviction of theft by taking [Cit.]. As to the burglary, appellant's fingerprint[s are] direct evidence that he was in [Suzuki]." *Lewis v. State*, 179 Ga. App. 17, 18 (345 SE2d 120) (1986).

Once the State meets its burden and " 'a defendant affirmatively requests a charge of a lesser included offense, he presents to the jury a choice of verdicts.' [Cit.] In other words, a criminal defendant under these circumstances will not be permitted to transform a successful trial strategy into reversible error thereby avoiding any punishment for his criminal act." *Speights v. State*, supra at 740.

*Judgment affirmed, Deen, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MARCH 17, 1987 —
REHEARING DENIED MARCH 26, 1987.

*Harry J. Fox, Jr.*, for appellant.
*G. Theron Finlayson, District Attorney, George R. Christian, Assistant District Attorney*, for appellee.