### 73262. JOHNSON v. THE STATE.
(356 SE2d 101)

BENHAM, Judge.

Tried for two counts of burglary in April of 1985, appellant was convicted of one count and acquitted of the other. Verdict and sentence were entered on April 12, 1985, and a motion for new trial was filed on April 25. Upon appointment of new counsel, a letter brief in support of the motion for new trial was filed on September 13, 1985, and an order denying the motion was entered the same day. On May 27, 1986, counsel filed with the trial court a motion for out-of-time appeal, averring by affidavit that he had not received a copy of the order denying the motion; that he had learned of the order several months later while reviewing the records in the superior court clerk's office; and that the effect of the delay was to render ineffective assistance of counsel to appellant during this period of time. The order granting an out-of-time appeal was entered by the trial court on July 3, 1986, and this appeal was then filed in this court.

1. The dissent contends that the appeal must be dismissed for lack of jurisdiction, asserting that it is appropriate for the trial court to grant an out-of-time appeal "only when the defendant has been found to have suffered a constitutional deprivation." In *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985) and *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985), the two cases the dissent cites as standing for that proposition, the courts held that if counsel's actions resulted in ineffective assistance of counsel as to the right of a defendant to appeal, then the grant of an out-of-time appeal would be appropriate. See also *Harper v. State*, 154 Ga. App. 550 (1) (269 SE2d 56) (1980).

However, there are other cases in which out-of-time appeals were granted without indication of a constitutional issue being raised. See, e.g., *Fann v. State*, 254 Ga. 514 (331 SE2d 547) (1985); *Mitchell v. State*, 157 Ga. App. 181 (276 SE2d 864) (1981). In *Mitchell*, this court stated that "for proper reasons" it would entertain an out-of-time appeal, without imposing a constitutional limitation. *Lay v. State*, 242 Ga. 225, 226 fn. 1 (248 SE2d 611) 1978), describes the genesis of the out-of-time appeal as having no codical basis and says that the appeal is granted when there is a deficiency not in "the trial, but [in] the denial of the right of appeal. [Cit.]"

In the light of the U. S. Supreme Court's decision in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), and our state

policy of deciding cases on the merits whenever possible, the trial court's decision to allow appellant's out-of-time appeal should not be disregarded. The case before us is factually parallel to *Webb*, supra, in that appellant was not aware that his motion for new trial had been denied, and the effect of the various delays was the loss of his right to make a timely appeal through ineffective assistance of counsel. Such a grant having been made by the trial court in the case before us, there is no reason or basis to reverse it and to refuse to consider appellant's case on its merits.

2. Appellant contends that his motion for new trial should have been granted on the ground of the insufficiency of the evidence. Appellant was stopped in a van in the early morning hours of December 8, 1984, by Cobb County police after he was observed acting suspiciously. The van fit the description of a vehicle that had been used in several burglaries in the area, appellant could not produce a driver's license or proof of insurance, and a computer check of the van's vehicle identification number disclosed that appellant was not the owner. Appellant was placed under arrest and jewelry later determined to have been taken during the burglary for which appellant was convicted was discovered on appellant's person. Located in the van at the time of appellant's arrest were three sets of gloves, a screwdriver, channel-lock pliers and a hammer. A neighbor of the burgled home testified that, on the afternoon of the burglary for which appellant was convicted, he observed a van in the driveway of the victims' residence. The neighbor identified a picture of the van in which appellant was arrested as the same van he saw in the driveway.

Appellant testified at trial in his own behalf. He denied committing the burglary, stating that he had borrowed the van and spent the evening with a co-worker. The evidence was sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Lewis v. State*, 179 Ga. App. 17 (345 SE2d 120) (1986).

3. Appellant contends the trial court erred in refusing to grant his motion for a continuance when his counsel was appointed the day the case was called for trial. We do not agree.

Review of the record reveals that appellant was arrested on December 8, 1984, and indicted on February 14, 1985. Although an attorney from the public defender's office was appointed to represent him, appellant gave notice that he had retained private counsel. By letter dated March 19, 1985, the retained attorney advised both appellant and the trial court of his intention to withdraw from the case. At the calendar call of the case on April 8, 1985, appellant admitted he had been so notified by his retained counsel, and asked for a continuance in order to obtain other counsel.

Upon the trial court's inquiry to determine reasonable diligence

on appellant's part, it appeared that while appellant knew that his retained counsel would not be representing him March 19, 1985, he nevertheless waited until the call of the calendar, some twenty days later, to ask for the continuance. Instead of granting the continuance as requested, the trial court appointed appellant another attorney who was given an opportunity to speak to the State's witnesses and to review the State's entire file prior to trial. The trial was continued until the following morning to allow new counsel sufficient time to prepare his case and draft several motions. As a result of this attorney's effective arguments, appellant was tried on only two counts of burglary, although he was named in a seven-count indictment.

A motion for continuance based on insufficient time of counsel to prepare for trial addresses itself to the sound discretion of the trial judge and the denial of such a motion will not be interfered with unless the court has abused its discretion. *Beard v. State*, 178 Ga. App. 265 (1) (342 SE2d 751) (1986). The record reflecting no abuse of discretion under the circumstances of this case, we find no error in the trial court's denial of appellant's motion for continuance.

4. Nor do we agree with appellant that the trial court erred in failing to sever the two burglary counts for trial. "Offenses may be joined for trial when they are based (1) on the same conduct or (2) on a series of acts connected together or (3) on a series of acts constituting parts of a single scheme or plan." *Isbell v. State*, 179 Ga. App. 363, 366 (2) (346 SE2d 857) (1986). The counts involved residential burglaries committed on weekends six weeks apart; entry into both homes was made through a door in the carport or garage area; both doors were either kicked in or pried open; the locks were torn off and found lying on the floor; neither house was ransacked; and the primary items stolen were jewelry and small electrical appliances. There "was sufficient evidence showing a common scheme or plan authorizing the trial court's denial of the defendant's motion to sever." Id.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley, Sognier, and Pope, JJ., concur. Deen, P. J., concurs in judgment only. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

On July 3, 1986, the trial court entered an order allowing the appeal in the sole basis that "the State does not oppose the Motion" and consents to the order. A notice of appeal was tendered by defense counsel when the motion for out-of-time appeal was filed.

Based on OCGA §§ 5-6-38 and 5-6-39, this court does not have jurisdiction and the appeal should be dismissed. A trial court has no jurisdiction to grant an extension of time for filing a notice of appeal where the application is not made before the expiration of 30 days. OCGA § 5-6-39 (d); *Morris v. State*, 115 Ga. App. 715 (155 SE2d 735)

(1967). The consent by the state does not confer jurisdiction. *Blackburn v. State*, 169 Ga. App. 498 (314 SE2d 244) (1984).

An out-of-time appeal must be granted by a habeas court as the appropriate remedy when the petitioner has been found to have suffered a constitutional deprivation of counsel. *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985). It may also be granted directly, upon a proper determination by the criminal trial court. *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). In the first instance, this is not a habeas case. In the second, there is no finding of deprivation by the lower court in the record before us.

DECIDED MARCH 20, 1987 —
REHEARING DENIED APRIL 2, 1987 —

*Thomas J. Hough, Jr.*, for appellant.
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.