### 76561. JENKINS v. THE STATE.
(371 SE2d 132)

BANKE, Presiding Judge.

The appellant was convicted of violating the Controlled Substances Act by possessing cocaine with intent to distribute, as well as by possessing marijuana.

The arresting officer testified that he was made aware of information which had been provided to another officer by a confidential informant to the effect that cocaine was being sold from two rooms located at a particular motel; that he and the other officer then proceeded to the motel in the company of the informant to attempt a drug purchase; that, after ascertaining that the informant was not currently in possession of any drugs, they gave her $125 and observed her enter and exit the two motel rooms; and that upon her return she was carrying a plastic bag containing two white colored "rocks" which proved to be cocaine. The arresting officer thereupon obtained a warrant for the search of the two motel rooms; and during the subsequent execution of that warrant, the appellant was present, alone, in one of the rooms. Several plastic bags containing cocaine and a quantity of marijuana were discovered inside a jacket found hanging in the closet of that room. According to the arresting officer, the appellant claimed ownership of the jacket.

On appeal, the appellant contends that the trial court erred in refusing to require the state to disclose the identity of the informant and in failing to charge the jury that he could not be convicted of possessing the drugs in question absent proof that he knew of their presence in the jacket. *Held*:

1. The appellant argues that the informant's testimony would have been material to his defense in that it would have corroborated his testimony that he was not in the motel room at the time the informant made her drug purchases. However, the appellant was not charged with actually selling drugs, and no evidence was introduced suggesting that he had been identified by the informant as one of the persons who was selling drugs from the two motel rooms. Thus, the presence vel non of the appellant in the motel room at the time the informant made her drug purchases was of only tangential relevance to the issues being tried. Weighing the public interest in protecting the free flow of information to law enforcement officers against the right of the accused to a full and fair opportunity to defend himself, we accordingly hold that the trial judge did not abuse his discretion in refusing to order the disclosure of the informant's identity. See generally *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957); *Thornton v. State*, 238 Ga. 160, 164-165 (231 SE2d 729) (1977).

2. An examination of the trial transcript reveals that, in charging on the elements of actual and constructive possession, the trial court clearly and unambiguously informed the jurors of the knowledge requirement. Consequently, the appellant's remaining enumeration of error is also without merit.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J.,*

*dissents.*

BEASLEY, Judge, dissenting.

I respectfully dissent because it is my view that this appeal should be dismissed for lack of jurisdiction, for the reasons set out in the dissent in *Johnson v. State*, 182 Ga. App. 477, 479 (356 SE2d 101) (1987).

In the instant case, there is not even a motion made or reason given for the out-of-time appeal. New counsel simply filed an "Out-of-Time Notice of Appeal" on January 29, 1987, after the Sentence Review Panel denied a reduction on November 25 and over eight months after judgment was entered. The trial court allowed it, there being no opposition from the State. Why the standard notice was not or could not have been filed within thirty days does not appear. At the least, even if allowed by law, judicial departures from statutory jurisdictional prerequisites ought not be routine or unexplained.

The Code, the Constitution, and the Uniform Court Rules promulgated in response to the mandate for "the speedy, efficient, and inexpensive resolution of disputes and prosecutions" in Art. VI, Sec. IX, Par. I of the Georgia Constitution of 1983, all exhibit a policy promoting early finality according to an orderly scheme. Open-ended opportunity to appeal disserves this policy.

DECIDED JUNE 22, 1988.

*Harry J. Bowden*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, John G. Isom, Assistant District Attorneys*, for appellee.