76484. CONEJO v. THE STATE.
(374 SE2d 826)

McMURRAY, Presiding Judge.

Defendant, Mayolo Conejo, was indicted for the sexual exploitation of children (Counts 1 and 2) and for child molestation (Count 3). The indictment charged that defendant, together with a co-defendant, induced two children, A. C. (a nine-year-old girl), and G. S. (an eight-year-old girl), to engage in sexually explicit conduct by causing each of them "to remove her clothes and display her genitals in a lewd manner so that Mayolo Conejo and [co-defendant] could produce a photograph of [the child's] genitals . . ." The indictment also

charged, in a third count, that defendant "did an immoral and indecent act to [A. C.], a child under fourteen years of age, with intent to arouse and satisfy the sexual desires of said accused; said acts being that Mayolo Conejo tried to place his finger in the vagina of [A. C.] . . ."

Defendant was tried together with his co-defendant. The jury found the co-defendant guilty upon each count of sexual exploitation of children. With regard to these counts, defendant was found guilty of "the lesser included offense of knowingly possessing or controlling any material which depicts a minor engaged in any sexually explicit conduct." With regard to the child molestation charge, defendant was found guilty of "the lesser included offense of Simple Battery."

Defendant was sentenced to serve 12 months for the simple battery conviction. He received two twelve-months probated sentences for the other convictions. The probated sentences were to run consecutively to each other and to the 12-months-to-serve sentence.

Defendant appeals and enumerates four errors. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in ruling that G. S., an eight-year-old child, was competent to testify. This enumeration is without merit.

"The competency of a child as a witness is within the sound discretion of the court and its ruling will not be disturbed unless there is a manifest abuse of discretion." *Adams v. State*, 166 Ga. App. 807 (305 SE2d 651). Upon questioning before the trial judge, the child indicated it was wrong to tell a lie, that she would be punished if she did so and that she promised to tell the truth and only the truth. In view of her statements before the trial judge, and the trial judge's opportunity to observe her demeanor, we find no manifest abuse of discretion. *Adams v. State*, supra; *Williams v. State*, 173 Ga. App. 523 (1) (327 SE2d 526).

" 'While on the cold record the testimony of the [child] does not inspire confidence, we are unable to see the child as did the trial court and we are unable to evaluate the child's demeanor or candor. We will not substitute our judgment for that of the trial court nor do we find a manifest abuse of discretion.' [Cit.]" *Adams v. State*, 166 Ga. App. 807, 808, supra. Any inconsistency in the child's testimony went to her credibility, not her competency. *Pendergrass v. State*, 168 Ga. App. 190 (308 SE2d 585).

2. Defendant urges us to reverse the convictions for possession of material depicting a minor engaged in sexually explicit conduct on the general grounds. The evidence adduced at trial shows the following:

Three girls, G. C., age 12, A. C., age 9, and G. S., age 8, went to an apartment shared by defendant and his co-defendant to "take pictures." While defendant was vacuuming the apartment, the girls went

to a bedroom with the co-defendant. There, the co-defendant took two pictures of G. C. Defendant was not in the room at that time.

The co-defendant told A. C. and G. S. to take off their clothes. When they did so, the co-defendant took a picture of them.

Defendant entered the room while A. C. and G. S. were being photographed. He did not participate in the "photo session." Rather, he continued to clean the apartment.

When A. C. and G. S. emerged from the bedroom, they entered the living room where defendant instructed A. C. to sit on his lap. (At this point, the girls were fully clothed.) A. C. sat on defendant's lap and he placed his hand between her legs. He told G. S. that she was too young to be touched in that manner.

A. C. asked G. S. to "help me . . . [g]ive me your hand." G. S. did so and the two girls left the apartment. They went to see G. S.'s aunt and told her what happened. Shortly thereafter, the police arrived. Following an investigation, defendant and his co-defendant were arrested.

OCGA § 16-12-100 (b) (8) provides: "It is unlawful for any person knowingly to possess or control any material which depicts a minor engaged in any sexually explicit conduct." The violation of this subsection constitutes a misdemeanor. OCGA § 16-12-100 (g) (2).

In our view, the evidence was insufficient to authorize any rational trier of fact to find defendant guilty of possessing or controlling material which depicts a minor engaged in sexually explicit conduct beyond a reasonable doubt. There was no evidence whatsoever that defendant knowingly possessed or controlled the picture which the co-defendant took of A. C. and G. S. Moreover, the evidence fails to show that defendant intentionally aided or abetted his co-defendant in the taking of the picture or that he intentionally advised or encouraged him to do so. See OCGA § 16-2-20.

The evidence simply shows that defendant entered the room when the picture of A. C. and G. S. was being taken. This evidence is not enough to warrant a conviction under OCGA § 16-12-100 (b) (8). *Parker v. State*, 155 Ga. App. 617 (2) (271 SE2d 871).

"We held in *Speights v. State*, 163 Ga. App. 738, 740 (294 SE2d 650) (1982): 'if the evidence supports a verdict of guilty in the more serious offense, and if there is slight evidence of the lesser included offense, a defendant who requests a charge on and is convicted of the lesser offense may not successfully urge the general grounds on appeal.' See also *State v. Clay*, 249 Ga. 250, 251 (290 SE2d 84) (1982)." *Neal v. State*, 182 Ga. App. 325 (355 SE2d 469). Pointing out that defendant was charged with inducing a minor to engage in sexually explicit conduct (OCGA § 16-12-100 (b) (1) and that he himself requested the charge on the lesser offense, the State argues that defendant cannot now urge the general grounds successfully. *Neal v. State*,

supra. We disagree.

Assuming there is slight evidence of the lesser offense, it is clear that the evidence does not support a verdict of guilty with regard to the more serious offense. It cannot be said that the evidence is sufficient to enable any rational trier of fact to find that defendant induced A. C. and G. S. to engage in sexually explicit conduct beyond a reasonable doubt. See OCGA § 16-12-100 (b) (1).

In sum, the evidence is insufficient to establish that defendant knowingly possessed or controlled material depicting a minor engaged in sexually explicit conduct. Accordingly, defendant's convictions and sentences upon these charges (Counts 1 and 2) must be reversed.

3. The evidence was sufficient to authorize any rational trier of fact to find defendant guilty of simple battery beyond a reasonable doubt in that defendant intentionally made physical contact of an insulting nature with A. C. when he touched her between the legs. See OCGA § 16-5-23; *Manus v. State*, 180 Ga. App. 658, 660 (4) (350 SE2d 41). Defendant's third enumeration of error is without merit.

4. In view of our ruling in Division 2, defendant's fourth enumeration of error is moot.

*Judgment affirmed as to conviction and sentence for simple battery; and reversed as to convictions and sentences on Counts 1 and 2. Pope and Benham, JJ., concur.*

DECIDED OCTOBER 25, 1988.

*John O. Ellis, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, J. Thomas Morgan III, Michael McDaniel, Nelly Withers, Assistant District Attorneys*, for appellee.