## A89A0582. ODISTER v. THE STATE.
(383 SE2d 371)

McMurray, Presiding Judge.

Defendant was charged by indictment with the offenses of burglary, aggravated assault, and aggravated sodomy. The jury returned guilty verdicts on the charges of burglary and aggravated assault. On the aggravated sodomy charge, the jury returned a verdict of guilty of the lesser included offense of "attempt to commit aggravated sodomy." In this out-of-time appeal, defendant's sole enumeration of error challenges the admission into evidence of a prior conviction of rape, as a similar transaction to the aggravated sodomy charge. *Held*:

1. The dissent questions this court's jurisdiction to decide the case sub judice. Consequently, prior to addressing the merits of defendant's sole enumeration of error, we are compelled to address the issue of the out-of-time appeal raised by the dissent. The record reveals that the trial court granted defendant's motion for an out-of-time appeal reciting in its order that the grant was based on "good and sufficient reason having been shown." The court did not elaborate further and no transcript of the testimony before the trial court is included in the record on appeal. The case law is absolutely clear that absent a transcript in the record demonstrating an appellant's *failure* to present evidence to support the trial court's order, this court is required to assume the trial court's grant of the out-of-time appeal was proper. *Conway v. State*, 183 Ga. App. 573 (1) 574 (359 SE2d 438) (1987); *Johnson v. State*, 182 Ga. App. 477 (1), 478 (356 SE2d 101) (1987). Dissents were written in both *Conway* and *Johnson*, asserting the exact same position as raised here, and in each case that position was soundly rejected by this court. See *Conway*, supra at 575; *Johnson*, supra at 479. See also *Jenkins v. State*, 187 Ga. App. 608, 609 (371 SE2d 132) (1988), in which a dissent was also written at 610. Although these cases are referenced in the dissent for comparison purposes, these cases are not distinguishable from the case sub judice but rather completely control the issue adversely to the dissent. In view of the fact that *Conway* and *Johnson* and *Jenkins*, have not been overruled, "It is the duty of this court to apply the law regardless of individual disagreement with the established rule to be applied." *Cole v. Cates*, 113 Ga. App. 540, 545 (149 SE2d 165) (1966).

2. "Evidence of an independent crime is admissible if two conditions are satisfied: the defendant is shown to be the perpetrator of the independent crime, and there is a similarity between the independent crime and the offense charged such that proof of the former tends to prove the latter. *Williams v. State*, 251 Ga. 749, 755 (312 SE2d 40) (1983). Evidence of a similar crime is admissible to show identity, motive, plan, scheme, bent of mind, and course of conduct. *Head v. State*, 246 Ga. 360, 364 (271 SE2d 452) (1980). It is admissible to

show the defendant's lustful disposition and to corroborate the victim's testimony. *Milner v. State*, 180 Ga. App. 97, 101 (348 SE2d 509) (1986)." *Holloway v. State*, 187 Ga. App. 716 (1), 717 (371 SE2d 259). To satisfy the first condition the State presented evidence of defendant's conviction of the prior offense. The State satisfied the second condition by establishing the similarities between the offenses. In both instances, the defendant was armed with a knife, held the victim by the neck and threatened to kill her. Both victims received significant physical injury from assaults which preceded any sexual contact. (The victim of the independent crime was beaten, while the victim in the case sub judice was choked and cut.) Contrary to defendant's argument, we find a logical connection between the independent crime and the offense charged tending to prove the offense charged. Compare *Wimberly v. State*, 180 Ga. App. 148, 149 (348 SE2d 692). See *Kickery v. State*, 185 Ga. App. 274, 276 (1) (363 SE2d 805); *Luckey v. State*, 185 Ga. App. 262, 263 (3) (363 SE2d 791); and *Bernyk v. State*, 182 Ga. App. 329, 330 (2), 331 (355 SE2d 753).

*Judgment affirmed. Carley, C. J., Deen, P. J., Banke, P. J., Birdsong, Sognier, Pope and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

This court is without jurisdiction to entertain criminal appeals filed when there is disregard of the jurisdictional prerequisite for a notice to be filed within thirty days of the judgment appealed from, no explanation for untimeliness, and permission for out-of-time appeal is granted without motion, hearing of record, or notice to the State.

Yet that is precisely what is happening here. Defendant was represented by the public defender at trial. At sentencing, the court carefully informed defendant that he had a right to sentence review by a panel of superior court judges, a right to appeal the conviction, and a right to move for a new trial, all with appointed counsel if desired. The court stated as to each avenue that it had to be pursued within thirty days.

Defense counsel stated in response to the State's question as to whether he knew what defendant wanted to do: "I do not, your honor, but I anticipate an appeal. I would certainly anticipate it." The court responded that if defendant was still unable to hire a lawyer, "Of course, I will appoint the public defender to represent him to enter an appeal to the Court of Appeals of Georgia."

Counsel acknowledged this and the court added: "If that's what he wants to do." Counsel stated he would explain that to defendant. That was on May 3, 1988.

The thirty days went by and no motion for new trial or notice of

appeal or motion for extension was filed. OCGA §§ 5-6-38; 5-6-39; 5-6-51.

Six months later, on November 10, the same counsel obtained an order permitting an out-of-time appeal and simultaneously filed a document entitled "Out-of-Time Notice of Appeal" plus defendant's pauper affidavit. The affidavit was dated May 12, nearly three weeks before the thirty days had expired. No motion for out-of-time appeal was filed or served on the State. There was no hearing insofar as such can be discerned from the record.

The court stated in the order that good and sufficient reason was shown for the allowance. What it was is not shown. If fault lay with defendant, he is not entitled to such an appeal. *Westberry v. State*, 257 Ga. 617 (361 SE2d 826) (1987). Whether it was found that defendant was not responsible, and that defendant would otherwise lose a constitutional right, has not been established. If the court concluded that counsel was ineffective in failing to act on time, why is the same counsel appointed to represent defendant on appeal? In any event, the State had no opportunity to contest whether defendant was entitled to an out-of-time appeal. It, too, must be afforded due process of law. Otherwise the State's interests as a party in achieving finality of criminal convictions in a timely and orderly manner, and in avoiding frivolous appeals and the unnecessary expenditure of resources, are not protected.

The case should be remanded with direction for a hearing on the implied motion for out-of-time appeal. *Cannon v. State*, 175 Ga. App. 741, 743 (334 SE2d 342) (1985). Compare *Johnson v. State*, 182 Ga. App. 477 (356 SE2d 101) (1987); *Conway v. State*, 183 Ga. App. 573 (359 SE2d 438) (1987); *Jenkins v. State*, 187 Ga. App. 608 (371 SE2d 132) (1988). See *Shirley v. State*, 188 Ga. App. 357, 358 (1) (373 SE2d 257) (1988). Failure to timely file a notice of appeal is ordinarily grounds for dismissal, OCGA § 5-6-48 (b) (1). When statutorily-prescribed jurisdictional requisites for appeal are to be overridden on constitutional grounds by the trial court, it must be made plain in the record. *Cannon*, supra, recognizes this. Otherwise this court cannot discharge its duty to determine its jurisdiction, which is the threshold question in every case.

DECIDED JUNE 19, 1989.

*Michael H. Lane*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, A. Thomas Jones, Joseph J. Drolet, Assistant District Attorneys*, for appellee.