A01A1584. TAYLOR v. THE STATE.
(555 SE2d 135)

BLACKBURN, Chief Judge.

Kevin Lee Taylor appeals the denial of his motion for an out-of-time appeal, contending that his trial counsel neglected to file a notice of appeal on his behalf following his original trial. For the reasons set forth below, we affirm.

The record shows that on June 29, 1989, Taylor was convicted of kidnapping with bodily injury, having raped and sodomized the victim. He was sentenced to 20 years as a repeat offender pursuant to OCGA § 17-10-7. Taylor subsequently filed motions for out-of-time appeal on May 13, 1991, September 23, 1991, and November 6, 2000. In each of these motions, Taylor contended that his trial counsel rendered ineffective assistance by failing to pursue an appeal on his behalf.

Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the

appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal.

(Citations and punctuation omitted.) *Haynes v. State.*[1]

In this case, the record supports a finding that Taylor slept on his rights in pursuit of his motion for an out-of-time appeal. The record reflects that Taylor did not file his first two motions for out-of-time appeal for approximately two years following his conviction. There is no evidence that Taylor took further action on these motions. He did not request a hearing or take any other action to get the trial court to act on his motions. Instead, Taylor waited nine years and then filed his third motion for out-of-time appeal. Once again, there is no evidence that Taylor requested a hearing on the matter or took other action. As Taylor waited over a decade to pursue a ruling on his motions, we cannot say that the trial court abused its discretion by refusing to allow Taylor to file an out-of-time appeal. See generally *Burroughs v. State.*[2] And, although Taylor propounds a number of other misplaced or waived arguments in his disjointed brief, none of these arguments alter the outcome here, as Taylor slept on his rights to raise the issues he now enumerates as error.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 5, 2001.

Kevin L. Taylor, *pro se.*
*Patrick H. Head, District Attorney, Amy H. McChesney, Assistant District Attorney*, for appellee.

---

[1] *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).
[2] *Burroughs v. State*, 239 Ga. App. 600 (521 SE2d 652) (1999).