A02A1882. DELOACH v. THE STATE.
(571 SE2d 496)

ELDRIDGE, Judge.

The Superior Court of Bulloch County issued an order denying Antonio DeLoach's motion for an out-of-time appeal. DeLoach appeals from such order. We affirm.

In 1997, a Bulloch County jury found DeLoach guilty of armed robbery. He retained attorney Charles W. Bell to represent him on motion for new trial; the motion included a claim of ineffective assistance of trial counsel and asserted numerous grounds as a basis therefor. Following a hearing on the new trial motion, the trial court issued an extensive order, dated April 15, 1998, in which the court denied DeLoach's motion; the court's order both factually and legally addressed the grounds for each claim of ineffective assistance of trial counsel.

Thereafter, DeLoach apparently made an oral motion for an extension of time in which to file an appeal of the denial of his motion for new trial; the request was made because DeLoach needed time to

raise the funds to retain attorney Bell for appellate purposes. The trial court granted the motion and extended the filing time until June 15, 1998. The record shows that DeLoach made a second request for an extension of time, claiming DeLoach's mother, "Maime Long, has been trying to raise funds to retain counsel. She was unable to obtain the funds until June 16, 1998. Wherefore, Defendants respectfully request that the court extend the time to an additional thirty (30) days." Based upon OCGA § 5-6-39 (c) ("[o]nly one extension of time shall be granted for filing of a notice of appeal"), the trial court denied DeLoach's second request.

In October 2000, DeLoach filed a pro se motion for appointment of appellate counsel. In such motion, DeLoach claimed that, post conviction, he was indigent; that he had a right to appointed counsel on appeal; that no one informed him of his right to appointed counsel on appeal; that no one filed a notice of direct appeal on his behalf; and that thus, through no fault of his own, he was denied his right to a direct appeal. In response, the trial court appointed counsel for DeLoach and held a hearing "to determine whether the defendant is entitled to pursue an out-of-time appeal." Attorney Bell testified at the hearing; Bell testified that he informed DeLoach of his appellate rights and provided DeLoach with a copy of his transcript. In addition, the trial transcript shows that, immediately after sentencing, the trial court informed DeLoach of his appellate rights, including his right to appointed counsel:

> [Trial Court:] [Y]ou do have a right to an appeal and that appeal must be completed within 30 days from the date of the sentence. That means that the appeal process must be initiated, the paperwork must be filed asking that the case be appealed. So you've got a timespan in there which you've got to look at. If you can't afford to pay the costs far as the appeal process is concerned, that cost will be paid in your behalf. If you can't afford to hire a lawyer, the Court would appoint a lawyer to represent you during that appeal process. So you understand that there is an appeal process that you can go through at this point. Do you understand that, Mr. DeLoach?
> [DeLoach:] Yes, sir. . . .
> [Trial Court:] Good luck to you in the future. If you need any assistance as far as the appeal process is concerned, if you'll notify us, we will make whatever is necessary available to you at that point in time.

Following the hearing on DeLoach's motion for out-of-time appeal, the trial court denied the motion, finding that "the failure to file an

appeal can be attributed to the conduct of the Defendant, alone."
*Held*:

> A criminal defendant who has lost his right to appellate
> review of his conviction due to error of counsel is entitled to
> an out-of-time appeal. However, a convicted party may, by
> his own conduct or in concert with his counsel, forfeit his
> right to appeal by sleeping on his rights. The disposition of a
> motion for out-of-time appeal hinges on a determination of
> who bore the ultimate responsibility for the failure to file a
> timely appeal.[1]

Here, the record shows that the trial court thoroughly advised
DeLoach of his right to an appeal and to appointed counsel on appeal.
The attorney who represented DeLoach on motion for new trial testi-
fied that he advised DeLoach of same, and the trial court was, of
course, authorized to believe such testimony.[2] Accordingly, the record
supports the trial court's finding that DeLoach, "himself[,] slept on
his rights."[3] Because the trial court's factual findings are not clearly
erroneous, we conclude that the court correctly denied DeLoach's
motion for an out-of-time appeal.[4]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 19, 2002.

*Kicklighter & Persse, Robert L. Persse*, for appellant.
*R. Joseph Martin III, District Attorney, Keith A. McIntyre, Assis-
tant District Attorney*, for appellee.

---

[1] (Citation omitted.) *Taylor v. State*, 251 Ga. App. 769, 770 (555 SE2d 135) (2001).
[2] *Butts v. State*, 244 Ga. App. 366, 368 (536 SE2d 154) (2000).
[3] (Citation omitted.) *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).
[4] *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1995).
[*] He was also convicted of driving with defective taillights and without proof of insur-
ance, but his enumerations of error relate only to the possession and suspended license
offenses.