A03A0966. EDWARDS v. THE STATE.
(587 SE2d 258)

ANDREWS, Presiding Judge.

Willie Edwards appeals from the trial court's denial of his motion for an out-of-time appeal from his conviction for two counts of child molestation. We find no abuse of discretion in the trial court's denial of the motion, and conclude that, in the absence of a timely filed notice of appeal from the conviction, the appeal must be dismissed.

A jury found Edwards guilty of two counts of child molestation in December 1999. Edwards did not file a timely appeal from his conviction, but subsequently filed a pro se motion for an out-of-time appeal in August 2001 alleging that he requested his appointed trial counsel to file an appeal but counsel failed to do so. There is nothing in the record showing the motion was served on or brought to the attention of the State. Without a hearing, the trial court granted the motion in October 2001 and ordered that new counsel be appointed to represent Edwards on appeal and that a motion for a new trial be filed. New appellate counsel filed a motion for new trial on behalf of Edwards in November 2001, and a hearing was held on the motion in March 2002. At the hearing on the motion for new trial, Edwards testified that he told his trial counsel to file an appeal after his conviction but trial counsel failed to do so. Edwards's trial counsel was called as a witness and testified that, after Edwards was convicted, he had a discussion with Edwards about his appeal rights[1] and that Edwards told him not to file an appeal. At the conclusion of the hearing, the State

---

[1] The record shows that the trial court also informed Edwards at sentencing of his right to an appeal and to have an attorney appointed to represent him on appeal.

argued that the testimony from Edwards's trial attorney showed that Edwards was not entitled to an out-of-time appeal and moved the trial court to reconsider its earlier grant of the motion for out-of-time appeal in light of this testimony. The trial court denied the motion to reconsider its earlier ruling granting an out-of-time appeal and subsequently denied Edwards's motion for a new trial.

In March 2002, Edwards appealed to this Court in Case No. A02A2030 from the denial of his motion for a new trial and from his convictions. The State moved for this Court to dismiss the appeal on grounds that the record showed Edwards was not entitled to an out-of-time appeal, and, because he had failed to timely appeal from his convictions, there was no jurisdictional basis for the appeal. This Court entered an order on the State's motion finding that the record showed conflicting testimony given by Edwards and his trial attorney bearing on whether Edwards had a right to an out-of-time appeal, and that the trial court had failed to consider or resolve the factual conflict. Accordingly, we denied the State's motion to dismiss and remanded the case for the trial court to consider and resolve the factual conflict and redetermine whether Edwards was entitled to pursue an out-of-time appeal and other post-conviction remedies. On remand, the trial court inquired into the factual dispute between Edwards and his trial attorney and found that the version of events given by Edwards's trial attorney — that Edwards told him not to file an appeal — was more credible. The trial court found that the failure to file a timely appeal was not due to an error by the trial attorney but was due to the fact that Edwards told his trial attorney not to file an appeal and that Edwards thereafter "slept on his rights." Accordingly, the trial court vacated its earlier grant of an out-of-time appeal and ordered that Edwards's motion for an out-of-time appeal be denied. The present appeal followed in which Edwards claims the trial court erred by denying his motion for an out-of-time appeal.

First, we note that remand to the trial court for a factual inquiry and reconsideration of the merits of Edwards's motion for an out-of-time appeal was necessary under the facts of this case. Although this Court will assume the trial court's grant of an out-of-time appeal was proper where there is nothing in the record showing the appellant's failure to present supporting evidence (*Odister v. State*, 191 Ga. App. 898 (383 SE2d 371) (1989)), the trial court's original order granting Edwards's motion for an out-of-time appeal showed that it was based only on Edwards's unsworn allegations in the motion, and the conflicting testimony at the new trial hearing created a factual issue which the trial court was required to address.

When the movant alleges deprivation of the right to direct appeal due to trial counsel's ineffective assistance, judicial

inquiry must be made whether appellant was responsible for the failure to pursue a timely direct appeal. A trial court abuses its discretion when it fails to make such a factual inquiry.

(Citation omitted.) *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). Absent proof that Edwards was entitled to an out-of-time appeal, the timely filing of a notice of appeal was an absolute requirement to confer jurisdiction on the appellate court. *Hester v. State*, 242 Ga. 173, 175 (249 SE2d 547) (1978). This Court is required to examine the record in every case to make certain that we possess jurisdiction. *Moore v. State*, 176 Ga. App. 882, 883 (339 SE2d 271) (1985). Accordingly, in order to determine whether there was a jurisdictional basis for the appeal, it was necessary to remand for the trial court to resolve the factual dispute over whether Edwards was entitled to an out-of-time appeal.

We find no error in the trial court's determination on remand that Edwards was not entitled to an out-of-time appeal. Edwards failed to file a timely appeal from his December 1999 convictions for child molestation, and it was his burden to prove the claim that the failure was due to error by his trial attorney. *Simmons*, 276 Ga. at 526.

The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. We apply the "any evidence" standard to findings of the trial court, acting as the trier of fact, with regard to whether counsel informed

the defendant of his appeal rights and whether the defendant voluntarily waived those appeal rights.

*Harrell v. State*, 257 Ga. App. 525 (571 SE2d 502) (2002). Under this standard, we find there was evidence sustaining the trial court's determination that Edwards's own conduct, and not any error by his trial attorney, was the reason for the lack of a timely appeal. The trial court did not abuse its discretion in finding that Edwards lost his right to file a timely direct appeal and was not entitled to an out-of-time appeal. Because Edwards failed to file a timely direct appeal from his convictions for child molestation, we lack jurisdiction to consider this appeal, and the appeal must be dismissed.

*Appeal dismissed. Barnes and Adams, JJ., concur.*

DECIDED SEPTEMBER 9, 2003.

*Martin G. Hilliard,* for appellant.

*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney,* for appellee.