## A09A0271. DUNCAN v. THE STATE.
(677 SE2d 691)

JOHNSON, Presiding Judge.

This appeal presents the second appearance of the case before this Court. In the first appeal, we remanded the case to the Butts County Superior Court to rule on Douglas Duncan's motion for an out-of-time appeal of his 1988 convictions.[1] The trial court held an evidentiary hearing, considered the record, and found that Duncan's actions in relieving his counsel of further representation duties and accepting punishment for 18 years before seeking an appeal resulted in a voluntary waiver of his right to appeal. Duncan appeals the trial court's denial of his request for an out-of-time appeal, arguing that his trial counsel's ineffectiveness, and not his own actions, frustrated his right to a direct appeal. We find no error and affirm the denial of his motion for an out-of-time appeal.

The record shows that in 1988, a jury found Duncan guilty of kidnapping with bodily injury and armed robbery. Duncan's trial counsel filed a motion for new trial and amended it twice, but the trial court denied the motion on September 9, 1988.

On August 15, 1988, Duncan wrote a letter to his trial counsel in which he made it clear that "I have made a decision about you, I don't need your assistance for me any more. I want to say that I appreciate everything you have done for me, I also made a decision on myself, I know I have done wrong, so I intent [sic] to go through my punishment like a man." On August 29, 1988, Duncan wrote a second letter to his trial counsel reiterating his wish not to have further assistance from counsel.

Notice of trial counsel's intent to withdraw was completed and sent to Duncan on September 2, 1988, and stated, "[t]he appeal time in this matter will begin on the day that the Judge of the Superior Court of Butts County, Georgia executes a ruling on the defendant's motion for new trial and will expire thirty (30) days from such time." On September 14, 1988, Duncan's trial counsel sent a letter to Duncan, attaching the September 9, 1988 order denying Duncan's motion for new trial, and informing Duncan that "an appeal must be filed within thirty (30) days of September 9, 1988." The order granting trial counsel's motion to withdraw was granted on Septem-

---

[1] Duncan v. State, 291 Ga. App. 580 (662 SE2d 337) (2008).

ber 29, 1988, and the sentence review panel affirmed Duncan's sentence on September 25, 1989.

Eighteen years later, on December 27, 2007, the trial court issued an order addressing several pro se motions filed by Duncan, including a motion for an out-of-time appeal. Following our remand and an evidentiary hearing, the trial court found that Duncan's own actions, and not any ineffective assistance of trial counsel, resulted in a voluntary waiver of his appellate rights. We agree.

1. Duncan contends the trial court should have granted his motion for an out-of-time appeal because he was denied his right to a direct appeal due to the ineffectiveness of his trial counsel. However, the record supports the trial court's determination that Duncan, through his own actions, waived his right to a direct appeal. This enumeration of error, therefore, lacks merit.

The decision whether to deny a motion for an out-of-time appeal rests within the sound discretion of the trial court, and the trial court's decision will not be reversed absent an abuse of such discretion.[2] The disposition of a motion for an out-of-time appeal hinges on "who bore the ultimate responsibility for the failure to file a timely appeal."[3] It is the trial court's duty, therefore, to make a factual inquiry and determine whether the appellant or his trial counsel was responsible for the failure to pursue a direct appeal.[4]

Here, the trial court made a factual inquiry into the issue and concluded that the two letters sent by Duncan to his trial counsel relieved his trial counsel of any further representation duties following the denial of Duncan's motion for new trial. Duncan clearly stated his desire to discontinue the attorney's services and accept his punishment. In addition, despite the fact that Duncan's trial counsel informed him of the appeal deadline, Duncan waited 18 years before filing his motion for an out-of-time appeal.[5]

Under the "any evidence" standard, we find there was evidence supporting the trial court's conclusion that Duncan's own conduct, and not any error by his trial attorney, was the reason for the lack of a timely appeal. The trial court did not abuse its discretion in finding that Duncan lost his right to file a timely direct appeal and was not entitled to an out-of-time appeal.[6]

---

[2] See *Edwards v. State*, 263 Ga. App. 106, 108 (587 SE2d 258) (2003).

[3] Id.

[4] Id. at 108-109.

[5] See *Taylor v. State*, 251 Ga. App. 769, 770 (555 SE2d 135) (2001) (trial court did not abuse its discretion by refusing to allow an out-of-time appeal where defendant filed motions for direct appeal two years following conviction and waited over a decade to pursue a ruling on the motions).

[6] See id.; *Edwards*, supra.

2. Duncan's remaining enumerations of error, addressing issues regarding the alleged ineffective assistance of trial counsel, do not alter the fact that Duncan waived his right to a direct appeal. We, therefore, need not address the merits of these contentions.[7]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 31, 2009 —
RECONSIDERATION DENIED APRIL 16, 2009 — ▮

Douglas C. Duncan, *pro se.*

*Thurbert E. Baker, Attorney General, Christopher R. Johnson, Assistant Attorney General, Richard G. Milam, District Attorney*, for appellee.